## PETER DOYE v. MOLLIE CAREY.

1. REAL ESTATE—*Innocent Purchaser Protected.* An innocent purchaser of real estate for value is protected against outstanding equities and secret trusts.

2. SAME—*Mortgagee Purchaser to Extent of Claim.* One who loans money to the holder of the legal title of real estate and takes a mortgage upon such real estate to secure the same is to the extent of his claim a purchaser of the land and is entitled to the same protection from all secret equities of which he had no notice, at the time of taking the mortgage, as any other *bona fide* purchaser.

*Error from the District Court of Logan County.*

*Wisby & Hornor*, for plaintiff in error.

*Green & Strang*, for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: The plaintiff in error brought his action in the district court of Logan county to obtain judgment upon a promissory note, and for the foreclosure of a mortgage upon certain real estate in the city of Guthrie. The note and mortgage were executed by one, W. H. Twine, who held the legal title

to the real estate at the time the mortgage was executed and who was a party defendant in the cause. It is alleged in the petition that the defendant in error, Mollie Carey, claims some interest in the real estate junior to the mortgage lein, and she was made a party defendant to answer as to such interest.

The defendant Twine made default and judgment was rendered against him for the amount found to be due upon the note and mortgage.

Mollie Carey filed her answer in which she alleged that she settled upon the lots in controversy as a settler and occupant under the townsite laws of the United States, and was residing upon and claiming same at the date of the entry of the tract embracing said lots, by the townsite trustees. That she had brought a suit to have Twine declared a trustee.for her and said cause was then pending, all of which was known to Doye at the time his mortgage was executed. A reply was filed to this answer, denying all the material allegations.

Trial was had by the court and judgment rendered in favor of defendant, Mollie Carey, and a decree entered canceling plaintiff's mortgage lien upon said real estate.

From this judgment Doye appeals to this court. Several errors are assigned, but we need notice but one.

The evidence is in the record and discloses the fact that there was absolutely no evidence or circumstances tending to show that Doye had any notice or knowledge that the defendant in error had, or claimed any interest in said lots at the time he loaned the money and took his mortgage.

The mortgagee testified that before he made the loan he required an abstract of title from Twine, which showed a deed from the townsite trustees to

one Hubbell, and a deed from Hubbell to Twine, who held the legal title at the time his mortgage was executed; that he went and looked at the lots and did not see the defendant in error, and did not know that any person, other than Twine, claimed any interest in the lots, otherwise he would not have made the loan. This testimony is not contradicted and must be taken as conclusive.

The evidence further shows that at the time Doye took his mortgage there were no proceedings pending affecting the title.

Doye was an innocent purchaser for value to the extent of his mortgage debt, and was entitled to a foreclosure of his mortgage as against any equitable interest of Carey, of which he had no notice at time mortgage was executed.

It is a settled principle that a mortgagee in good faith for value is entitled to protection against outstanding equities and trusts of which he had no notice at the time of taking mortgage. (Jones on Mort. §§ 458 and 710; Am. and Eng. Enc. of Law p. 833.)

The learned judge who tried the case below, was evidently misled by admitting in evidence a judgment and decree in another case between Mollie Carey and W. H. Twine, awarding her the title to said lots, to which proceeding Doye was not a party and could not be bound thereby. This judgment was subsequently reversed by this court. (*Twine v. Carey*, 2 Okla. Rep. 249.)

The judgment of the district court is reversed and cause remanded with directions to proceed in accordance with this opinion.

Dale, C. J., having tried the case below, and Bierer, J., having previously been of counsel for Twine, not sitting; all the other Justices concurring.