## MILLER *et al.* v. BARNETT *et al.*

No. 6413.   Opinion Filed December 8, 1914.

Opinion Withdrawn and Refiled December 14, 1915.

(153 Pac. 641.)

1. **APPEAL AND ERROR—Record—Presumption—Special Findings of Fact.**   Where special findings of fact by a trial court are incorporated in its judgment, they become a part of the record, and the presumption is that they were made in compliance with the statute, upon request of the parties.

2. **SAME—Judgment—Findings of Fact—Evidence.**   Where a trial court, as a part of the judgment, makes separate findings of fact, responsive to and within the issues, and such ultimate or controlling facts are insufficient to support the judgment, the decision is against the law, and the cause will be reversed.

3. **VENDOR AND PURCHASER—Conveyance Procured by Fraud—Rights of Grantor—Innocent Purchaser.**   The general rule is that where a grantor has been induced by fraud to part with the legal title to his property, he cannot reclaim it from a subsequent innocent purchaser for value.

(Syllabus by the Court.)

*Error from Superior Couurt, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Trump Barnett against David A. Lee and others.   Judgment for plaintiff, and defendants Miller bring error.   Reversed, and remanded for new trial.

*Gibson & Thurman* and *Devereux & Hildreth,* for plaintiffs in error.

*O'Hare & Davidson* and *R. E. Grason,* for defendants in error.

BLEAKMORE, J.   This is an action begun in the superior court of Muskogee county by the defendant in error, Trump Barnett, against the defendants in error,

David A. Lee and E. M. Cowherd, and the plaintiffs in error, E. A. Miller and H. L. Miller, to set aside certain deeds, and for the recovery of the land described therein, and damages for withholding possession thereof. The parties will be referred to herein as they appeared in the trial court. The cause is presented for review upon a transcript of the record, and only the pleadings and the judgment of the court will be taken into consideration.

Plaintiff alleges: That he is a freedman of the Creek Nation, and that as such certain lands, consisting of 80 acres, were allotted to him. That on the 14th day of March, 1907, he executed to David A. Lee a warranty deed therefor. That while said deed purports to convey 80 acres, in truth and in fact it was never intended to convey to the said David A. Lee but 40 acres, and that said Lee, by fraud and deceit, and without the knowledge of the plaintiff, inserted in said deed 80 acres. That the plaintiff is an ignorant negro, 65 years of age, unable to read and write, and unfamiliar with business transactions, and relied on the statement of the said Lee that said deed described but 40 acres. That Lee agreed to pay him for the 40 acres of land agreed to be conveyed the sum of $1,000, but has not paid to exceed the sum of $25 for said land, and that the 40 acres intended to be conveyed was worth the sum of $1,000. That on the 16th day of March, 1907, the said Lee executed his warranty deed to the defendant H. L. Miller, for the purported consideration of $1,200, but that in truth and in fact the consideration paid by said Miller was but $300. That said Miller at the time of his purchase had full and complete knowledge of all the facts and circumstances surrounding the transfer from the plaintiff to the said Lee. That thereafter, on the 15th day of January, 1912,

the said H. L. Miller purported to convey said land to his wife, E. A. Miller, who took the same with full and complete knowledge of all the conditions and circumstances surrounding the prior transactions. That on the 21st day of April, 1912, the defendant H. L. Miller executed an oil and gas lease to the defendant Cowherd. He prays for recovery of the land, and damages for withholding the possession, and that said deeds be declared null and void, and a cloud upon plaintiff's title, *et cetera.*

Defendant Lee answered, denying generally the allegations of the complaint. He denies that it was intended to convey only 40 acres of land, or that he inserted 80 acres in said deed, and alleges, specifically, that he purchased the full 80 acres from the plaintiff and paid the consideration therefor. The Millers answered, admitting the execution of the deeds from Lee to H. L. Miller and from H. L. Miller to E. A. Miller and the oil and gas lease to the defendant Cowherd. They deny any knowledge or information in regard to the transaction between the plaintiff and Lee, and allege that H. L. Miller paid to the said Lee the sum of $1,200 as a consideration for the conveyance of said land to him, and allege that they have been in possession of the land since the execution of the deed from Lee to them.

The court rendered the following judgment:

"The above styled and numbered cause came regularly on for hearing on the 25th day of July, 1913, the same being a regular court day of the July, 1913, term of this court; the plaintiff appeared in person and by his attorneys, O'Hare & Davidson and R. E. Grason; the defendant David A. Lee appeared in person and by his attorneys, Crump, Crump & Garrett; and the defendants E. A. Miller and H. L. Miller appeared in person and by their attorneys, Gibson & Thurman. Whereupon a jury

was duly impaneled and sworn to try said cause. After hearing the statements of counsel, the evidence introduced, and the arguments of counsel, the jury was instructed to answer the following questions, over the objections and exceptions of the defendants: 'Did Trump Barnett intend to convey to D. A. Lee 80 acres of land by his deed of March 14, 1907?'

"And thereafter, on said 25th day of July, 1913, the jury returned into open court the following verdict: 'We, the jury in the above entitled action, duly impaneled and sworn upon our oaths, answer the following question: Question. "Did Trump Barnett intend to convey to D. A. Lee 80 acres of land by his deed of March 14, 1907?" Answer: "E. C. Morton, No; T. L. Hall, No; W. R. McMasters, No; Sam P. Nicholson, No; S. N. Warren, No; W. E. Davis, No; W. S. Irwin, No; E. B. Grubbs, No; C. L. Dickman, No." '

"That said verdict was signed by nine of the jurors who were impaneled and sworn in this action, and said nine jurors, being interrogated by the court, answer that the foregoing was their verdict, whereupon the jury was discharged and this cause continued for further hearing by the court.

"And now on this 28th day of November, 1913, the same being a regular court day of the November, 1913, term of the court, there came on for hearing the motion of A. J. Alston, guardian of Trump Barnett, to be substituted for the plaintiff, Trump Barnett; and the defendants consenting to the granting of said motion, and the court being sufficiently advised, finds that on the 15th day of September, 1913, said Trump Barnett was adjudged an incompetent, and A. J. Alston was duly appointed guardian of said Trump Barnett, and did thereafter duly qualify and is now acting as such, and is now the proper person to continue in this action as plaintiff.

"It is therefore ordered and adjudged that A. J. Alston, guardian of Trump Barnett, an incompetent, be and he is hereby substituted herein as plaintiff in the

place of said Trump Barnett, who commenced this action in his own name prior to being adjudged an incompetent.

"And this came regularly on for further hearing by the court, and the court, having heard the argument of counsel, adopts the finding of the jury that Trump Barnett did not intend to convey to D. A. Lee 80 acres of land by his deed of March 14, 1907, and the defendants except.

"And the plaintiff, having heretofore, to wit, at the close of the evidence upon the trial, asked leave to amend his petition, now renews said motion for leave to amend said petition, in order to allege that the deed of March 14, 1907, executed by Trump Barnett to D. A. Lee, was secured from Trump Barnett by D. A. Lee by falsely and fraudulently representing to the said Trump Barnett that the instrument was a lease, and that the said Barnett executed said deed in the belief that the same was a lease, and that he did not intend to execute a deed, and that such instrument was not executed or intended by him as a deed of conveyance to said land, which said motion is denied by the court, to which the plaintiff excepts.

"The court finds that on March 14, 1907, Trump Barnett executed and delivered to David A. Lee a warranty deed purporting to convey to David A. Lee the east half of the northwest quarter of section 19, township 14 north, range 16 east of the Indian base and meridian, containing 80 acres, more or less; that the said Trump Barnett is, and was at the time of the execution of said deed, an illiterate person, and unable to read or write, and was and is ignorant of ordinary business transactions; that said David A. Lee procured the plaintiff to execute said deed by falsely and fraudulently representing that the same described only 40 acres, when in truth and in fact said deed described 80 acres; that the said Trump Barnett acted upon the false and fraudulent representations of David A. Lee, believing them to be true. To which finding the defendants D. A. Lee, E. A. Miller and H. L. Miller except.

"The court further finds that on March 16, 1907, the said David A. Lee executed and delivered to H. L. Miller, of Guthrie, Oklahoma, a warranty deed purporting to convey to said Miller the above-described land, and that the defendant H. L. Miller, as the consideration for the sale of said land to him, paid to David A. Lee the sum of $1,200; that the said Miller purchased said land in good faith, for a valuable consideration, and without any notice of the fraud of the said David A. Lee in procuring the deed from the plaintiff, Trump Barnett; that on January 15, 1912. the said H. L. Miller executed and delivered to defendant E. A. Miller, his wife, a deed conveying the above-described land, and that the said E. A. Miller took said conveyance without notice of the fraud of the said David A. Lee.

"The court further finds that the defendant H. L. Miller has had continuous possession of said lands from March 16, 1907, to January 15, 1913, and that the defendant E. A. Miller has had possession of said lands since the last-mentioned date, and that a fair rental value of said lands during said period of time is and was $1 per acre, or $80 per annum. To which the defendants E. A. Miller and H. L. Miller except.

"The court concludes that the plaintiff is entitled to have the deeds from Trump Barnett to David A. Lee, from David A. Lee to H. L. Miller, and from H. L. Miller declared null. and void and a cloud upon plaintiff's title, and his title to the east half of the northwest quarter of section 19, township 14 north, range 16 east of the Indian base and meridian, be quieted as against all claims of the defendants David A. Lee, H. L. Miller, and E. A. Miller, and that he have judgment against said defendants for the possession of the same. To which the defendants D. A. Lee and. H. L. Miller and E. A. Miller except.

"It is therefore considered, ordered, adjudged, and decreed that the plaintiff is the owner of. the east half of the northwest quarter of section 19, township 14 north, range 16 east of the Indian meridian; that the deed from

49—17

Trump Barnett to David A. Lee, dated March 14, 1907, filed for record March 16, 1907, and recorded in Volume 77 at page 513 of the records of the United States clerk and *ex officio* recorder for the Tenth recording district of Indian Territory, now in the office of the register of deeds for Muskogee county, and the deed from David A. Lee to H. L. Miller, dated March 18, 1907, and recorded in Volume 77 at page 526 of the records of the United States clerk and *ex officio* recorder for the Tenth recording district of Indian Territory, and now in the office of the register of deeds for Muskogee county, Oklahoma, and the deed from H. L. Miller to E. A. Miller, dated January 15, 1912, duly filed for record and recorded in Volume 219 at page 330 of the records of the register of deeds for Muskogee county, Oklahoma, and each of them, be and the same are hereby canceled; that the title of the plaintiff in and to said land be and the same is hereby quieted as against all claims of the defendants David A. Lee, H. L. Miller and E. A. Miller, and that the plaintiff do have and recover possession of said land, and that the plaintiff have judgment against the defendant H. L. Miller for the sum of $480, rents and profits of said land for the years 1907, 1908, 1909, 1910, 1911, and 1912, and that the plaintiff have judgment against the defendant E. A. Miller for the sum of $80 for rents and profits of said land for the year 1913, and that the plaintiff have judgment against all of the defendants for his costs of this action. To all of which the defendants D. A. Lee, H. L. Miller, and E. A. Miller except.    'FARRAR L. McCAIN, *Judge.*"

Eight assignments of error are presented, only one of which need be noticed, to wit: That the court erred in not rendering judgment for the plaintiffs in error on special finding of fact that the plaintiffs in error, E. A. Miller and H. L. Miller, were innocent purchasers of the land for full value and without notice of the fraud.

It is contended by defendants in error that the findings of fact by the court, not being made upon request of

either party, were purely voluntary, and do not become a part of the record, and are, in fact, a general finding for the plaintiff, and therefore are not the subject of review by this court. With this contention we cannot agree. There is no general finding for the plaintiff. Section 5017, Rev. Laws 1910, provides:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing, the conclusions of fact found, separately from the conclusions of law."

It is the duty of the court, under this provision of the statute, to find upon the issuable facts, and where the court makes a general finding the same will be treated as a finding of every special thing necessary to be found to sustain it. *McCann v. McCann et al.*, 24 Okla. 264, 103 Pac. 694; *Alcorn et al. v. Dennis*, 25 Okla. 135, 105 Pac. 1012; *First National Bank of Watonga v. Lookabaugh*, 28 Okla. 608, 115 Pac. 786; *Bretch Brothers v. Winston & Sons*, 28 Okla. 625, 115 Pac. 795.

The judgment does not disclose whether either of the parties requested the court to make separate or special findings of fact, yet it does show that the court, in fact, made separate and special findings upon each of the issuable facts, and that to each and every one of said findings either the plaintiff or defendant excepted; and the presumption is that such findings were made in compliance with the statute, upon the request of one or all of the parties, and where the same, with the exceptions, are incorporated in and made a part of the judgment, they become and are an inseparable part of the record. While

it is true that in order to avail himself of the error of the court in refusing to make separate or special findings of fact a party must request that the same be made, yet if such findings are made and excepted to by either of the parties, and incorporated in and made a part of the judgment itself, they necessarily become a part of the record, and if properly presented will be subject to review in this court.

Section 5017 of our statute was adopted from Kansas. The Supreme Court of that state, in construing the same in a case in which the trial court had failed to make any findings of fact, said:

"The plaintiff in error cites very many authorities from different states holding that a written finding is essential, and that a failure in the record to show one is fatal to the judgment. In addition to this long list of authorities, see a late case from California, reported in 3 Law & Eq. Rep. 407, in which the Supreme Court of that state holds that a finding 'that all the material facts set forth in the complaint are true,' will not support a judgment for the plaintiff. We are all of the opinion that the statute requires a written finding, and that a failure to incorporate one in the record is error." (*Leavenworth, L. & G. R. Co. v. Commissioners of Douglas Co.,* 18 Kan. 169.)

In *McCullagh v. Allen,* 10 Kan. 150, a case in which it was contended by defendant in error in his brief that:

"The court cannot review the findings of fact and law in a journal entry. It does not appear that either party requested the court to make them 'with a view of excepting to the decision' "

—it was said:

"The trial was by the court. Special findings of fact and separate conclusions of law were made by the court, which were entered upon the journal, but not signed by

the judge, nor made a part of the record by bill of exceptions. The counsel for defendant in error insists that they cannot be reviewed, as they are no part of the record. * * * But we are not convinced of the soundness of this doctrine. It appears to us that they are a part of the record, and must be so treated both in this court and elsewhere."

Where the trial court, as a part of the judgment, makes separate findings of fact, responsive to and within the issues properly before it upon the pleadings and evidence, and such ultimate or controlling facts so found are insufficient to support the judgment, the decision is against the law, and the cause will be reversed.

In the instant case the court adopted as one of its findings the verdict of the jury upon one issue of fact, to wit, that Trump Barnett did not intend to convey 80 acres of land to Lee; but the court also found specifically that Barnett did in fact execute and deliver his deed to said 80 acres, although, illiterate, ignorant of business affairs, and credulous, he was induced to do so by the false and fraudulent misrepresentations of Lee. The court further specifically found that H. L. Miller, without knowledge of the fraud of Lee, took the deed to himself, paying as a consideration therefor $1,200, and in turn conveyed to his wife, who also took the land without notice of any fraud. Plaintiff alleges in his petition:

"That while said deed purports to convey 80 acres, in truth and in fact it was never intended to convey to said David A. Lee but 40 acres of said land."

Yet the court, upon these findings and this allegation, decreed a cancellation of the deeds, adjudged title to the whole 80 acres to be in Barnett, and awarded damages in the amount of the rental value of the land for the

six years that had elapsed since Barnett's deed to Lee. Neither the findings nor the pleadings are sufficient to justify or support such judgment. In 6 Encyc. United States Supreme Court Reports, 422, it is said:

"Fraud, of course, gives rise only to a personal claim. It goes to the motives, not to the formal constituents, of a legal transfer, and the rule is familiar that it can affect a title only when the owner takes with notice or without having given value. It is, indeed, an elementary doctrine of equity that, where a grantor has been induced by fraud to part with the legal title to his property, he cannot reclaim it from subsequent innocent purchasers for value."

This doctrine is well established in Oklahoma, this court having held in *Paulter v. Manuel*, 25 Okla. 59, 108 Pac. 749, that, although a deed was obtained from an incompetent person by the grossest kind of fraud, a subsequent purchaser for value and without notice took title to the land. In *United States v. California, etc., Land Company*, 148 U. S. 31, 13 Sup. Ct. 458, 37 L. Ed. 354, it is said:

"In Story's Equity Jurisprudence, section 411, the author says: 'Indeed, purchasers of this sort [*bona fide* purchasers] are so much favored in equity that it may be stated to be a doctrine now generally established that a *bona fide* purchaser for a valuable consideration, without notice of any defect in his title at the time of his purchase, may lawfully buy in any statute *(sic)*, mortgage, or other incumbrance upon the same estate for his protection. If he can defend himself by any of them at law, his adversary will have no help in equity to set these incumbrances aside; for equity will not disarm such a purchaser, but will act upon the wise policy of the common law to protect and quiet lawful possessions and strengthen such titles.' And the reason of this is given in *Boone v. Chiles*, 10 Pet. 177, 210 [9 L. Ed. 388], as follows: 'This leads to the reason for protecting an innocent purchaser,

holding the legal title, against one who has the prior equity; a court of equity can act only on the conscience of a party; if he has done nothing that taints it, no demand can attach upon it, so as to give any jurisdiction. Strong as a plaintiff's equity may be, it can in no case be stronger than that of a purchaser, who has put himself in peril by purchasing a title, and paying a valuable consideration without notice of any defect in it, or adverse claim to it.' "

See *United States v. Burlington, etc., Railroad Co.*, 98 U. S. 334, 25 L. Ed. 198; *Colorado Coal Co. v. United States*, 123 U. S. 307, 8 Sup. Ct. 131, 31 L. Ed. 182; *Fletcher v. Peck*, 6 Cranch, 87, 3 L. Ed. 162; *Swayze v. Burke*, 12 Pet. 11, 9 L. Ed. 980; *Calais Steam Boat Co. v. Van Pelt*, 2 Black, 372, 17 L. Ed. 282; *Fidelity Mutual Insurance Co. v. Clark*, 203 U. S. 64, 27 Sup. Ct. 19, 51 L. Ed. 91; *Doye v. Carey*, 3 Okla. 627, 41 Pac. 432; *Conklin v. Yates*, 16 Okla. 266, 83 Pac. 910; *Maas v. Dunmyer*, 21 Okla. 434, 96 Pac. 591.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

All the Justices concur, except KANE, C. J., absent and not participating.