## BAILEY v. OKLAHOMA CITY ex rel. MACCABEES.

No. 20876.   Opinion Filed May 3, 1932.

Arnold T. Fleig, for plaintiff in error.

M. W. McKenzie, Municipal Counselor, and G. A. Paul, for defendant in error.

KORNEGAY, J. This is a proceeding in error from the district court of Oklahoma county. It appears from the record that Ok-

lahoma City, at the instance of the Maccabees, brought an action against W. E. Bailey, to collect the amount of the assessments for street improvements on lots 16 and 17 of block 2, Stanley Heights. There seemed to be very little dispute between the parties upon the liability in the case, and they submitted it on an agreed statement of facts.

It appeared therefrom that the suit was brought under section 29, chapter 173, Session Laws 1923, and the Maccabees were the owners of the street improvement bonds that were sued upon, and that there was due on lots 16 and 17 in block 2, of unpaid assessments, $188.57, and that no interest had been paid on the assessments, and that the sole question was the right of the plaintiff to foreclose the lien on the assessments, and the right to recover an attorneys's fee for the foreclosure of the lien.

The lower court found for the plaintiff and its right to foreclose, and allowed an attorney's fee of $25 for the foreclosure, and gave judgment for the foreclosure of the assessments due in the amount of $188.57, with interest at the rate of 6 per cent. per annum from the date of the judgment, which was the 28th of September, 1929, and $25 for attorney's fees, and ordered sale if not paid in six months.

The assignments of error here are that the court erred in rendering judgment in favor of the plaintiff and against the defendant for the foreclosure of the lien and allowing the attorney's fee. The brief of the plaintiff in error bases its contention of inability to foreclose by court procedure on the case of City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640. An inspection of that case shows that it was decided on January 29, 1924, and shows that it was for assessments from 1911 to 1921.

It is stated in the beginning of the opinion that the only question presented on the appeal was whether the city of Sapulpa, operating under a freeholder's charter, might provide by ordinance for the assessment and collection of municipal taxes or special assessments, in a manner inconsistent with the general laws of the state, and in providing for the collection of such taxes confer jurisdiction or power upon the district courts of this state to foreclose tax liens in an action to enforce the payment of such taxes. It is further stated that it was clear that municipal taxes should be collected by general laws, and that the maxim, "expressio unius est exclusio alterius," was peculiarly applicable to section 20, article 10.

On the question of enforcing the tax lien through the district court, it was stated that it involved two propositions, the first being the nature of a tax, and the second the jurisdiction of the court to enforce the tax lien. It was stated that a civil action would not lie for recovery of a tax, except where the statute expressly conferred the right or where the statute had omitted providing any method for the collection of the tax.

There does not seem to be anything in the discussion in that case that would deny to the Legislature the power to confer upon the district court the right to entertain suit at the instance of an improvement bondholder, in the name of the city, to foreclose the lien derived from an unpaid assessment for street improvement purposes and to subject the property to sale for this.

The Legislature, in 1923, just before this decision came down, had passed the general paving law that is involved in this case, it being chapter 173, Session Laws 1923, and being passed after the things had happened that were being decided in the Land Case. In this act power is specially conferred upon the district court to enforce these liens, section 29 being as follows:

"Sec. 29. Enforcement of Assessment. Any holder of any street improvement bond issued under the provisions of this act shall have the right to institute, in the name of the city or town, issuing such bond, an action in the district court of the county in which said property is located to foreclose the lien of such assessment whenever such assessment is delinquent at least for a period of twelve (12) months, stating in said petition generally the ownership of such bond, describing the property assessed, the nature of the improvement, the amount of the unpaid delinquent assessments and penalty thereon at the rate of twelve (12%) per cent. per annum, and praying for the foreclosure of such lien. Summons shall be issued on such petition as in other civil actions and the cause tried by said district court. Judgment may be entered thereon for the amount of such unpaid assessment, together with interest thereon at the rate of twelve (12%) per cent. per annum from the date said assessment was due and payable up to the time of the institution of such action and for the sum of six (6%) per cent. interest on said judgment from the time of the institution of such action until said judgment is paid. In the event said judgment, together with interest and costs, is not paid within six (6) months after the date of the rendition thereof. an order of sale shall issue by the clerk of said court, directed to the sheriff of the county, to sell said real estate in manner and form as in

case of sale of real estate under execution. Such judgment shall carry the costs of such action, together with the costs of such sale; and upon the payment of such judgment, the amount thereof, exclusive of such costs shall be paid to the city or town treasurer and become a part of the separate, special fund to pay such outstanding bonds and interest thereon. Such judgment shall provide for the sale of said real estate subject to existing general or ad valorem taxes and special assessments. All owners or incumbrancers shall be made parties defendant in such suit. Upon the institution of an action to collect delinquent and unpaid assessments in any paving district against property liable therefor, no other or further action shall be instituted and maintained to collect such delinquent assessment against said property for said year."

We can see nothing to prevent the Legislature from providing this procedure, as there is nothing in the Constitution that forbids it, the power of the Legislature being that of the usual Legislature, and the principle being so thoroughly established that it is not deemed necessary to cite cases on that point. Article 2, section 6, of the Constitution, provides as follows:

"Sec. 6. Courts of Justice Open—Speedy Remedy. The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Under this provision, we think the Legislature had a right to provide for foreclosing this lien in a forum where all parties could have a hearing, after the manner of courts, and we can see nothing wrong with the decision to that effect.

However, on allowing attorney's fees, it is not so clear. The act does not specially allow them. It does enumerate costs, and the maxim quoted in the Land Case above would seem to apply here. If the Legislature had desired to allow attorney's fees in a case of this kind, it would have said so. The appeal, however, is made to a general statute originally found under the head of "Liens," and appearing in the 1910 law, but the liens therein enumerated were not of this kind. We also find another provision on the subject of foreclosure of liens in the Code, section 670, C. O. S. 1921, in which we find the following:

"* * * and the court shall tax the cost, attorney's fee and expenses which may accrue in the action."

However, under that section, in tracing the history of it, it appears to have been taken from the Revised Laws 1910, section 5128. It in turn came from Kansas, Gen. St. 1889, par. 4495. Under section 5128, we find several Kansas cases, one of which was decided by Justice Valentine, Stover v. Johnnycake, 9 Kan. 367, the syllabus of which is as follows:

"It is error for the court, in an action to foreclose a mortgage, to render a judgment against the mortgagors, for the attorney's fees of the mortgagee, where there is no contract or stipulation in the mortgage, or elsewhere, requiring the payment of attorney's fees."

In the body of the opinion the court says:

"Only one question is presented in this case. Can the court, in an action to foreclose a mortgage, render a judgment against the mortgagors for the fees of the attorney of the mortgagee, when there is no contract or stipulation in the mortgage, or elsewhere, requiring the payment of attorney's fees? This question must be answered in the negative. A judgment for attorney's fees, or counsel's fees, for services rendered in the same case is never allowed in an action on contract, unless stipulated for, or unless expressly authorized by statute. Sedg. Dam. 95 et seq., and cases there cited (page 103 et seq., 5th Ed.;) Swartzel v. Rogers, 3 Kan. 380. And probably such a judgment is never rendered in an action of tort. Fairbanks v. Witter, 18 Wis. 287. The following cases, found in the Kansas Reports, though upon a kindred subject, are not applicable to this case, to wit: Lender v. Caldwell, 4 Kan. 339; Kurtz v. Sponable, 6 Kan. 395; Tholen v. Duffy, 7 Kan. 405.'"

The Legislature saw fit, in providing what could be taxed against the property, to leave off attorney's fees. There are cases in which the Legislature, in providing for the enforcement of liens, specially provides for attorney's fees. Here attorney's fees are not provided for in the enforcement of the bond. The Legislature, in providing procedure in the present case, enumerated other things, but failed to provide for the allowance of attorney's fees, and we should not add what the Legislature did not provide.

The cause, in our judgment, should be affirmed, except the allowance of the attorney's fees, and with that modification it is affirmed, and the lower court is directed to proceed, but not to allow any attorney's fees.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and HEFNER. J., absent.