SHANKS v. BLAINE'S HEIRS et al.

No. 33307.    May 3, 1949.

206 P. 2d 978.

Kermit Nash, of Drumright, E. C. McMichael, of Sapulpa, and George J. Fagin, Oklahoma City, for plaintiff in error.

R. E. Stephenson, of Sapulpa, for defendants in error.

WELCH, J.  L. E. Shanks commenced action against Glenn A. Blankenship, Nellie Blankenship, and others to quiet title to real estate and for possession.

The plaintiff, as against the defendants named, asserted title and right to possession of two certain described city lots, resting his claims upon a resale tax deed issued after a tax resale held in May, 1945.   The lots involved were sold in said resale for paving assessments delinquent since 1935. No delinquent ad valorem taxes were included in the sale.   The paving bonds for which the assessments were made matured in 1935.

The defendants named, in possession of the two lots mentioned, received a deed in 1944 from the then record owner of the premises.   The defendants asserted title in themselves and attacked the 1945 resale deed and plaintiff's claim of title thereunder.

Judgment was entered denying the plaintiff the relief sought as against the defendants, and plaintiff has appealed.

There is no dispute as to the facts in the case.

It was the contention of the defendants that the statutory authority for resales, as was held in May, 1945, is for the sale of property for delinquent ad valorem tax, and that the county treasurer was without valid statutory authority to sell property for delinquent paving assessments, and, further, that the sale of the property for the delinquent paving assessments was barred under the provisions of the 1939 legislative Act (11 O. S. 1941 §242); that

the paving bonds having matured in 1935, upon failure of the bondholders to commence action to enforce collection of the assessment liens or express willingness to accept refunding bonds before December 1, 1940, the property by operation of law became absolved of the paving assessment liens and that the sale of said property for said assessments in May, 1945, was null and void.

It was contended by the plaintiff that the defendants were precluded from raising the question of the legality of the lien and the tax sale had thereon because of a Federal Court judgment rendered in February, 1945.

In this appeal the plaintiff submits as a first proposition that:

"The court erred in refusing to hold that the court was barred of jurisdiction to try the cause because of the former proceedings, trial and judgment rendered by the Federal Court in Cause No. 1051 Civil, in said Court, involving the same subject matter and the same parties, or their grantors."

The Federal Court case was commenced on July 27, 1943, by a holder and owner of street improvement bonds to establish and foreclose liens of street improvement assessments levied against certain real estate. The assessments and lots involved in the instant action were involved in that action and the grantor of the defendants herein was a party defendant in that action.

In the Federal Court case it was held that the street improvement district was created and the bonds issued in the manner provided by chapter 173 of the Session Laws of the State of Oklahoma of 1923, and that the assessments involved were levied against the lots involved in conformity to the provisions of the statute; that the assessments became due in 1935, and constitute a valid lien against the lots. It was said by the trial judge:

"That such lien is co-equal to the lien of other taxes, and will continue as to such unpaid installments, with interest and penalty until such respective assessments, with interest and penalty thereon, is fully paid, or until such respective lots are sold in the manner provided by the statutes of the State of Oklahoma for the collection of delinquent taxes."

"That the plaintiff's claims for the foreclosure of the lien and for the sale of such lots under the order of this court, as provided by Section 29, Session Laws of 1923 (11 Okla. St. Ann. §107), is barred by the statute of limitations of the State of Oklahoma, namely, by the second subdivision of Title 12 Okla. St. Ann. §92 (City of Bristow ex rel. Hedges v. Groom, 194 Okla. 384, 151 P. 2d 936.)"

The judgment in the Federal Court case was rendered in February, 1945.

It is apparent from the complaint filed, the findings of fact and conclusion of law stated, and from the language of the decree, that the actual controversy in the Federal case was the bondholders' right to maintain his action for foreclosure within the purview of the general statute of limitations. It is equally clear that no consideration was given to the legislative Act of 1939, particularly the provision (Oklahoma Session Laws, 1939, page 156, §1, 11 O. S. 1941 §242), limiting the time of enforcement of the lien of any "Street Improvement Bond" by foreclosure "or otherwise," and providing that with the running of the period of limitation therein fixed, "the property against which such bonds theretofore represented a lien shall thereafter be, by operation of law, absolved of any lien or liability on account of said bonds."

We note the language of the Federal Court decree to the effect that the assessments constitute a valid lien against the lots involved, "and will continue as such valid and subsisting lien thereon until the amount of such assessment, ... is fully paid, or until such respective lots are sold in the manner provided by the statutes ... for the collection of delinquent taxes." It does not appear

that a sale or attempted sale of the lots as for delinquent taxes was involved or that any claim was made of extinguishment of the lien by operation of law or by payment or otherwise. The relief sought was foreclosure of the lien as provided by the 1923 Act.

The trial court, in effect, stated in his findings of fact and conclusions of law that the issue involved was governed by the rule announced in City of Bristow ex rel. Hedges et al. v. Groom et al., 194 Okla. 384, 151 P. 2d 936. The conclusion stated, having reference to the nature and quality of the lien, was an expression of the nature and quality of liens as created under the provisions of the 1923 Act. The conclusion that the bondholders' claim for the foreclosure of the lien and for sale of the lots was barred by 12 O. S. 1941 §92, and citing the Groom case, was in effect an expression, as in the Groom case, that irrespective of the nature and duration of the lien as provided in the 1923 act, an action brought thereunder to foreclose such lien is subject to the bar provided in the general statute of limitations found in the Code of Civil Procedure (12 O. S. 1941 §§92-98).

The sixth paragraph of the syllabus in the Groom case reads as follows:

"A judgment denying relief in a foreclosure action prosecuted under 11 O. S. 1941 §107, on the ground that the action is barred by the statute of limitations, does not deny the bondholders' rights guaranteed to them by either the contract clause, the due process clause, ·or the equal protection clause, of the State or Federal Constitution."

The Federal Court decree, in effect, declares the same principle: that the loss of the remedy provided in 11 O. S. 1941 §107 does not affect the validity of the assessment lien therein mentioned. The Federal trial court's findings of fact contain no reference to the period of time allowed under the 1939 Act, 11 O. S. 1941 §242, for the en- forcement of the lien of street improvement bonds. The decree does not specifically declare the rights of the parties as affected by the provisions of the 1939 Act and statute, supra. The action, as in the Groom case, was an action to foreclose assessment liens under section 107, supra (1923 Act) and the question presented was whether the general statutes of limitations apply to such actions. In the Groom case, this court, after holding the action was barred, said:

"As pointed out above, the lien remains, and these bondholders may, unless prevented by the Act of 1939 (a question which we do not now decide), require the county treasurer to enforce the liens under the tax sale and resale laws."

Such is the meaning of the language used in the Federal Court decree when measured by the questions presented in that case.

If it be said that the defendants in the Federal Court case, owners of the lots involved, might have asserted the running of the period of limitation for enforcement of the lien as fixed in the Act of 1939, section 242, supra, and as a consequence freedom of their property from lien as provided in said Act, and therefore there was an adjudication of that question, the rule of res adjudicata would have no application to the defendants herein not parties to that action. The defendants herein purchased lots involved in that action, but had no knowledge, actual or constructive, of that action.

Under the circumstances the trial court was not barred from trying the issues presented in this case because of the former proceedings, trial and judgment in the Federal Court.

The other propositions submitted by the plaintiff are addressed to the conclusions stated by the trial court as reasons for the judgment entered. It is asserted that the court erred in hold-

ing section 28, ch. 173, S. L. 1923 (11 O. S. 1941 §106) to be unconstitutional and void; that the court erred in holding that the lien of the paving assessments against one of the lots had been canceled by a resale of the lot in 1941 for ad valorem taxes; that the court erred in holding that the collection of the paving assessments was barred by laches; that the court erred in holding that the resale proceedings of 1945 were barred under the provisions of the 1939 act, and that the property had become absolved of the lien of the assessments prior to the 1945 resale.

The questions concerning the application and validity of the 1939 Act are determinative issues in this appeal and it is unnecessary to discuss the other propositions above mentioned.

The bonds matured in 1935; the bondholders did not commence an action to enforce the lien of the bonds or evidence a willingness to accept refunding bonds on or before December 1, 1940, which was the latest date under the provisions of the 1939 Act (11 O. S. 1941 §242) in which the bondholders must act, or the lien of the bonds would be lost.

As held by this court in paragraph 3 of the syllabus in Baccus, Co. Treas., et al. v. Banks, 199 Okla. 647, 192 P. 2d 683:

"The provisions of 11 O. S. 1941 §242 are applicable to foreclosure of special assessment liens by tax sale and resale as well as by civil action."

Under the undisputed facts in this case, the period of time fixed by the 1939 Act, section 242, supra, for the commencement of proceedings in refund or to enforce the lien of the street improvement bonds had long since expired at the time of the resale in May, 1945. Under the provisions of section 242 the running of the period of limitation therein fixed barred any proceeding against the property by resale or otherwise on account of said bonds and, whether said bar was pleaded as

a defense or not, the property against which such bonds theretofore represented a lien became absolved of any lien or liability on account of said bonds. Under such circumstances the county treasurer was without authority to sell the property for the delinquent street improvement assessments and the resale deed issued upon such sale was invalid.

Plaintiff asserts the statute is invalid and violative of the constitutional provisions in reference to sanctity of contracts. That question was set at rest in the Baccus case, supra. It is unnecessary to herein set forth the contentions stated, or mention the case cited in the argument presented. Similar contentions and decisions of like tenor are discussed in the Baccus case and the rules therein announced are applicable here. In the Baccus case, in the syllabus it was said:

"The existing limitation statutes do not ordinarily enter into and become a part of the obligation of contracts, and the Legislature may shorten such periods so long as a reasonable period remains.

"Statutes of limitations may be made to apply to existing contract rights against which there were no such statutes in existence at the time they were created, provided a reasonable time is allowed for their enforcement, and such statutes do not violate the constitutional provision against impairment of the obligation of contracts.

"The period of time allowed in 11 O. S. 1941 §242 (18 months and 19 days) for the enforcement of existing contract obligations which had been due more than three years or which were to be due more than three years by November 1, 1939, was not unreasonable.

"11 O. S. 1941 §242 did not deprive owners of special assessment bonds of any of the remedies they previously had.

"The Legislature may, in enacting a statute of limitations, make it effective to take away both the remedy and the

right and make it applicable to existing contract rights, so long as the period of limitations is reasonable.

"The provisions of 11 O. S. 1941 §242, that the running of the period of limitation therein fixed 'shall be an absolute bar to any action or proceeding brought thereafter, whether the same is plead as a defense or not, and the property against which such bonds theretofore represented a lien shall thereafter be, by operation of law, absolved of any lien or liability on account of said bonds,' is but a part of, and is intended to make effective the statute of limitations therein, and the same does not unconstitutionally impair the obligation of the contract, nor does it violate the due process clause or the equal protection clause of either the State or Federal Constitution."

The judgment is affirmed.

DAVISON, C.J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., dissents.