## SHANKS v. SULLIVAN.

No. 33193. Sept. 28, 1949.

*210 P. 2d 361.*

Kermit Nash, of Drumright, for plaintiff in error.

C. J. Davenport, of Sapulpa, for defendant in error.

ARNOLD, V. C. J. This is a suit to quiet title by J. K. Sullivan against L. E. Shanks. Plaintiff's demurrer to defendant's answer was sustained and defendant elected to stand on his answer; judgment was entered quieting plaintiff's title.

At the 1945 resale for delinquent taxes in Creek county, one W. C. Martin became the purchaser of lot 11, block 6, in Fife addition to the city of Sapulpa, and in due course received a resale deed covering said property. The resale as to this particular property was for delinquent special assessments for paving and sewer. Thereafter, and on June 8, 1945, W. C. Martin deeded this property to L. E. Shanks. The resale deed and the deed to Shanks were duly recorded.

Plaintiff's petition was in the usual form of quiet title actions, asserting that defendant had no right, title or interest in and to said property. Defendant's answer alleged title in him-

self by virtue of his deed from Martin based upon the resale deed, admitted plaintiff's possession of the property, but asserted that plaintiff's title thereto was extinguished by the resale in May, 1945. He asked that his title to the property be quieted as against the plaintiff. To this answer of defendant, plaintiff filed a general demurrer.

For reversal of the judgment defendant relies on three propositions, but as stated in the brief of plaintiff, the only question for determination here is defendant's third proposition which reads:

"Chapter 33, Article 6, of the 1939 Act, the same being Title 11, Paragraph 242, of Oklahoma Statutes of 1941, is unconstitutional in so far as it attempts to limit or extinguish the tax lien of special assessments."

Defendant's brief was filed in this court prior to the promulgation of this court's opinion in the case of Baccus, County Treas. v. Banks et al., 199 Okla. 647, 192 P. 2d 683, which is controlling upon all questions presented and argued by defendant in his brief. Since this is true, there is no occasion for further discussion of the questions here presented and the action of the trial court in sustaining plaintiff's demurrer to defendant's answer and in entering judgment quieting plaintiff's title is affirmed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. GIBSON, J., dissents.