**ASSESSMENT BOND SERVICE, Inc., H. C. Hovenden, The Eton Company, a partnership, Plaintiffs in Error,**

v.

**W. R. JOHNSTON & COMPANY, a corporation, et al., Defendants in Error.**

No. 36592.

Supreme Court of Oklahoma.

March 27, 1956.

Rehearing Denied May 2, 1956.

Arnold T. Fleig, Oklahoma City, for plaintiffs in error.

T. H. Ottesen, Sulphur, for defendants in error.

HALLEY, Justice.

On November 17, 1952, Guy A. Calame, and others, as owners of lots in Paving District No. 16, in the City of Sulphur, Murray County, Oklahoma, filed this action to quiet title against various defendants as the holders of Street Improvement Bonds issued by the City of Sulphur, March 16, 1926, as authorized by Chapter 173, p. 278, S.L.1923, to be paid by special assessments levied against the various properties in the paving district. The bonds were numbered 1 to 49, inclusive, and only the first 12 had been paid, the last on April 3, 1931. All of the bonds matured October 1, 1935.

Plaintiffs prayed that the lien of the special assessments levied against their respective properties for the years 1926 to 1935, inclusive, be cancelled and their respective titles quieted because the bondholders had failed to commence an action to foreclose delinquent assessments within 3 years after the maturity of the bonds as provided by the 1939 Act of the Legislature, appearing as Section 242, 11 O.S.1941, and because they had not agreed to accept street improvement refunding bonds as provided by the Act last mentioned and had failed to take any action to collect delinquent assessments which had been extinguished by the 1939 Act. Also negligence and laches were pleaded.

The defendant bondholders, alleged that the special assessments to pay their bonds were legally levied, due and unpaid. They further alleged that the 1939 Act on which the plaintiffs relied was void and unconstitutional and had been so decreed by a judgment of the United States District Court for the Eastern District of Oklahoma on May 15, 1945, in an action in which the present property owners were defend-

ants and involving the same properties and assessments here involved.

Defendants further alleged that the judgment of the Federal court further decreed the invalidity of the 1939 Act, which left the liens of the bondholders against the various properties in District 16 valid and subsisting liens, in spite of the 1939 Act and plaintiffs' pleas of limitations and laches raised by the property owners in the Federal court action were not applicable and that even if the 1939 Act had not been nullified the attempted sale of the properties by the County Treasurer was sufficient to preserve the lien securing the bonds, despite the fact that the attempted sales included only ad valorem taxes but not the amounts of the special assessments, which remained a valid lien.

It was further contended that by the Federal court action the bondholders had sought to foreclose delinquent special assessments, or in the alternative had prayed for a declaratory judgment declaring the validity of their liens and that the foreclosure being denied, the declaratory judgment was granted decreeing the 1939 Act void and the bondholders' liens valid. It appears that the Federal court denied foreclosure because of the general statutes of limitations as discussed in City of Bristow ex rel. Hedges v. Groom, 194 Okl. 384, 151 P.2d 936. We note that the Federal court judgment suggested that the remedy of the bondholders was by an action of mandamus to compel the County Treasurer to collect the money due to satisfy the bonds.

The trial judge made complete findings of fact and conclusions of law in the case before us. He found that the bondholders had not made any effort to secure refunding bonds, and had made no effort to force the County Treasurer to sell the properties for delinquent paving assessments and had made no effort to enforce the Federal court judgment. The court concluded:

That Sections 242 and 242p, 11 O.S. 1951, were not affected by the Federal court judgment wherein Section 242, 11 O.S.1941, was held void " * * * * in so far as it purports to extinguish by lapse of time" the liens and assessments and that by Section 23, 42 O.S.1951, the liens for pav-

ing assessments and bondholders' liens were extinguished by lapse of time during which an ordinary action to enforce the principal obligation could have been filed, or within 4 years after the bonds became due on October 1, 1935, so that the action was barred when the Federal court action was filed.

The trial court further concluded that the statute of limitations and the dormancy statute of Oklahoma, Section 735, 12 O.S. 1951, bar any remedy of the bondholders since the Federal court judgment is subject to the dormancy statute of Oklahoma, and that mandamus is the proper remedy to enforce the Federal court judgment, but that such remedy may not now be exercised because that judgment has become dormant and subject to laches and equitable estoppel. The Federal court judgment was never filed in Murray County as required by the law of Oklahoma and the Federal Judiciary Code and hence is not before the Court and that more than 8 years have elapsed since its rendition and the bondholders have done nothing whatever to enforce that judgment.

The court further concluded that the filing of the Federal court case after the action was barred did not toll the operation of the statutes of limitations. The trial court rendered judgment for plaintiffs on February 2, 1954, and defendants have appealed. Only two propositions are submitted. They are as follows:

"1. The trial court erred in its Findings of Fact, Conclusion of Law and in its judgment cancelling the assessment liens and quieting title thereon in the face of the federal court judgment hereinafter described decreeing that the limitations statute, to-wit: Title 11, Sec. 242 to 242-e, O.S.A.1941, was void and unconstitutional.

"2. Even if the 1939 Act had not been nullified, the filing of a foreclosure action in the federal court and/or the unsuccessful attempts of the County Treasurer to sell the properties for the special assessments at tax resale, constitutes a sufficient action to preserve the lien under the 1939 statute."

Plaintiffs in error point out that immediately prior to enactment of the 1939 limitations Act a special assessments lien, like ad valorem tax liens was not subject to limitations or laches and since it was declared void by the Federal court judgment above referred to with respect to the property here involved, there is no law cancelling the special assessments lien. Under 11 O.S.A.1941, § 103, the special assessment lien was co-equal with the ad valorem tax lien and continued until the special assessments were fully paid.

They claim that Section 23, 42 O.S.A. 1941, is not applicable to tax liens but only to contractual liens. That statute is as follows:

"A lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation."

It is further contended that reference to the above statute in Board of Education of City of Duncan v. Johnston, 189 Okl. 172, 115 P.2d 132, is mere dictum under the ruling of the court in Bailey v. Oklahoma City, 157 Okl. 96, 11 P.2d 113. This contention appears to be sustained because Section 23 referred to "an action" which generally means a judicial proceeding, while a proceeding by the county treasurer to collect taxes is generally referred as a "proceeding." However, in the case of Baccus v. Banks, 199 Okl. 647, 192 P.2d 683, on page 689, this Court said:

"At the time of the enactment of the 1939 act, there was no statute of limitations applicable to the sale and resale by the county treasurer of property to satisfy street improvement liens, and at that time this court had not decided that the general statute of limitations applied to actions to foreclose such liens. The case of City of Bristow [ex rel. Hedges] v. Groom, 194 Okl. 384, 151 P.2d 936, so holding, was not decided until 1944."

The foregoing case, Baccus v. Banks, was appealed to the Supreme Court of the United States and dismissed for want of substantial Federal question. Reeder v. Banks, 333 U.S. 858, 68 S.Ct. 743, 92 L.Ed. 1138.

In the case of Shanks v. Blaine's Heirs, 201 Okl. 350, 206 P.2d 978, it was again held that after the time provided by Section 242, 11 O.S.1941, (herein referred to as the 1939 Act) for the commencement of proceedings to enforce a lien for street improvement bonds has expired, the property against which such bonds were a lien is free of such lien because it is absolved and the county treasurer has no authority to sell the properties for delinquent assessments levied for payment of the bonds. In the third paragraph of the syllabus it is said:

"The provision of 11 O.S.1941 § 242, that the running of the period of limitation therein fixed 'shall be an absolute bar to any action or proceeding brought thereafter, whether the same is plead as a defense or not, and the property against which such bonds theretofore represented a lien shall thereafter be, by operation of law, absolved of any lien or liability on account of said bonds,' is but a part of, and is intended to make effective, the statute of limitations therein, and the same does not unconstitutionally impair the obligation of the contract, nor does it violate the due process clause or the equal protection clause of either the State or Federal Constitution."

Again in Shanks v. Sullivan, 202 Okl. 71, 210 P.2d 361, 362, Section 242 of the 1939 Act was upheld and in the second paragraph of the syllabus it is said:

"Statutes of limitation may be made to apply to existing contract rights against which there were no such statutes in existence at the time they were created, provided a reasonable time is allowed for their enforcement, and such statutes do not violate the constitutional provision against impairment of the obligation of contracts."

In the later case of North v. Haning, 204 Okl. 321, 229 P.2d 574, 576, it was said in the second paragraph of the syllabus:

"11 O.S.1941 § 107 which grants a bondholder the right to institute an action to foreclose an assessment lien precludes any other or further action

to collect such assessments when an action thereunder has been commenced and has proceeded to judgment. When such judgment has become finally dormant the remedy for the enforcement of the lien becomes effectively lost. In such circumstances the commencement of the action under section 107 ceases to operate in toll of the three year period of limitation provided in 11 O.S.1941 § 242 for the commencement of action and the preservation of the lien, and under section 242 the lien ceases to exist and becomes subject to cancellation."

The foregoing cases all sustain the 1939 Act and also Section 107, 11 O.S.1941, which section provides that where a bondholder seeks to foreclose his lien under Section 242, 11 O.S.1941, he is precluded from pursuing any other action to collect after judgment is obtained in the proceeding selected by him.

Section 735, 12 O.S.1941, provided that where a judgment of foreclosure has been obtained execution must be issued within five years or judgment becomes dormant and ceases to operate as a lien against the estate of the judgment debtor, but provides that no execution shall issue against any municipality.

Under the above rulings we are forced to the conclusion that the declaratory judgment of the Federal court is clearly erroneous in holding that the 1939 Act is void in any respect. Plaintiffs in error state frankly that the only question before this Court is whether the State court had a right to cancel the paving assessment lien in the face of the Federal court judgment decreeing that such lien is valid.

It is also contended that even if the 1939 Act had not been adjudged invalid by the Federal court judgment, the filing of the foreclosure action by the bondholders in the Federal court and/or the unsuccessful effort of the County Treasurer to sell the properties at tax resales to pay the bonds were sufficient to preserve the lien of the bondholders under the 1939 Act.

■ It should be kept in mind that the Federal court action was filed April 22, 1943, after the bar of the statutes had become complete. City of Bristow ex rel. Hedges v. Groom, supra. The statutes of limitations are only tolled by an action when it is filed in due time. In City of Tahlequah ex rel. Johnston v. Franklin, 201 Okl. 36, 200 P.2d 417, 420, it is said:

"While there is authority in other states for the rule that when only one of several available remedies is barred, the Legislature may revive the barred remedy (34 Am.Jur. 38, #33), this rule does not obtain in Oklahoma because of the provision of Section 52, Article 5 of our Constitution that the Legislature may not revive a remedy barred by lapse of time or by any statute of this state. * * *"

While the foreclosure case was pending in the Federal court, the lien securing the bonds, being clearly barred by the decisions of this court above mentioned, the bondholders filed an amended complaint in the Federal court praying for a declaratory judgment holding that Section 242 of the 1939 Act was invalid and declaring the lien of the bondholders to be valid, decreeing the rights of the parties and that it was the duty of the County Treasurer to sell the properties to pay the delinquent assessments.

There is no allegation that any demand was ever made upon the County Treasurer to perform such duties or that he had ever refused to perform them. The Federal court found that there "existed no controversy concerning the duties of the county treasurer of Murray County to sell properties herein involved."

■ Under the holding of the United States Supreme Court in Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, we believe that there existed no proper ground for a declaratory judgment such as was rendered in the Federal court case.

In Shanks v. Blaine's Heirs, supra, the bondholders of street improvement bonds filed suit in the U. S. District Court to foreclose their liens. This Court decided City of Bristow ex rel. Hedges v. Groom, supra, and on February 2, 1945, the Federal court

found that the action there was barred, but did decide that the bondholders had a lien upon the properties assessed to pay their bonds, and that such liens should continue until extinguished by payment. The bondholders procured the tax resales and deeds. The property owners filed a cross-petition in the District Court of Creek County to cancel the resale tax deed as a violation of the 1939 Act. This Court affirmed the judgment of the District Court of Creek County cancelling the tax deed and quieting title as against the liens urged in the Federal court case.

Here the bondholders had two remedies and the election to pursue one of them precludes a resort to the other. In 53 C.J.S., Limitations of Actions, § 7, it is said:

"* * * Where a plaintiff has elected one of two remedies for the enforcement of a right, and such action is barred by the statute, he is bound by his election, and cannot thereafter resort to the other remedy for which a different limitation is provided."

There is no question but that our district courts may remove a cloud upon or quiet title to land where stale or unenforceable claims or demands exist. Franklin v. Margay Oil Corp., 194 Okl. 519, 153 P.2d 486.

We conclude that the declaratory judgment of the Federal court declaring the 1939 Act of our Legislature void is not binding upon this Court and that the bondholders' lien created by the special assessments against the properties in Paving District No. 16 in the City of Sulphur is barred by the applicable statute of limitations and the dormancy statute and that the District Court of Murray County had the authority to remove such cloud upon and quiet the title of the property holders against whose properties the lien cast a cloud.

The judgment of the trial court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and HUNT, JJ., concur.

BLACKBIRD and JACKSON, JJ., concur in result.