This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                    **No. 33,760**

**ABRAN BAEZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Defendant appeals his conviction for possession of a controlled substance. He raises two issues, contending the district court erred in denying his request for a lesser-included offense instruction, and arguing that the results of testing performed by an uncertified crime laboratory should have been excluded. For the reasons that follow, we reverse.

## I.     BACKGROUND

{2}     In the course of a search incident to arrest, police discovered a pipe in Defendant's pocket. The pipe, which the officer recognized as the type used to inhale methamphetamine, contained a white residue. Two field tests were performed, both indicating the presence of methamphetamine. The pipe was later sent to an unaccredited state crime lab. Further testing there yielded the same result.

{3}     Based on his possession of the pipe and the residue therein, the State charged Defendant with possession of a controlled substance. The evidence presented at trial was limited to the testimony of the arresting officer, the testimony of the forensic scientist who conducted the laboratory testing, and the pipe itself.

{4}     After the State rested Defendant moved for a directed verdict, principally on grounds that the test results generated by the unaccredited laboratory should be excluded. The district court held that the absence of accreditation went to the weight of the evidence rather than its admissibility and denied the motion.

**{5}** Defense counsel requested a lesser-included offense instruction on possession of drug paraphernalia. The State opposed. The district court ultimately denied the request, based on comparison of the elements of the offenses. The jury returned a guilty verdict on the sole charge, possession of a controlled substance. The instant appeal followed.

## II.     DISCUSSION

### A.     Test Results Generated by the Unaccredited State Crime Laboratory

**{6}** Defendant argues that the district court erred in its handling of the lab analyst's testimony, chiefly contending that the admission of this evidence constituted an abuse of discretion. The State contends that the matter was not properly preserved. *See* Rule 11-103(A)(1)(a) NMRA (providing that in order to preserve a claim of error, a party must make a timely objection); *State v. Neswood*, 2002-NMCA-081, ¶ 18, 132 N.M. 505, 51 P.3d 1159 ("Generally, evidentiary objections must be made at the time the evidence is offered.").

**{7}** The parties agree that no objection was raised at the time the analyst testified. Defendant contends that "defense counsel was unable to object" because the lack of accreditation only became apparent on cross-examination. Insofar as information about laboratory accreditation is publicly available, this assertion is questionable. In any event, defense counsel failed to raise any challenge to the admissibility of the

3

evidence when the lack of accreditation was revealed on cross-examination, by requesting a limiting instruction or otherwise. Under the circumstances, we conclude that the objection, to the extent that it was ultimately raised in the context of the motion for directed verdict, was untimely. *State v. Abril*, 2003-NMCA-111, ¶ 12, 134 N.M. 326, 76 P.3d 644 (observing that "error may not be predicated upon a ruling admitting evidence in the absence of a *timely* and specific objection" (emphasis original) and illustrating that objection raised in the form of a motion for mistrial after the proverbial horse is out of the barn is untimely), *overruled on other grounds by State v. Torres*, 2012-NMCA-026, ¶ 38, 272 P.3d 689.

{8}    In recognition of the foregoing, Defendant suggests plain error. *See* Rule 11-103(D)-(E) (providing that unpreserved evidentiary challenges may be reviewed for plain error). "The plain[]error rule, however, applies only if the alleged error affected the substantial rights of the accused." *State v. Contreras*, 1995-NMSC-056, ¶ 23, 120 N.M. 486, 903 P.2d 228. To find plain error, the Court "must be convinced that admission of the testimony constituted an injustice that created grave doubts concerning the validity of the verdict." *Id.* (internal quotation marks and citation omitted). This is not such a case.

{9}    "The first step in a plain or fundamental error analysis is to determine whether the evidence in question was erroneously admitted." *State v. Astorga*,

4

2015-NMSC-007, ¶ 50, 343 P.3d 1245. Defendant's challenge to admissibility of the evidence appears to be wholly unsupported by legal authority. *State v. Godoy,* 2012-NMCA-084, ¶ 5, 284 P.3d 410 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). By contrast, the district court's ruling finds support, albeit indirectly. *Cf. State v. Anderson*, 1994-NMSC-089, ¶ 47, 118 N.M. 284, 881 P.2d 29 (holding, in a different context, that controversy regarding testing procedures "speaks to the weight of the evidence and not to its admissibility").

{10} Second, we consider the probable effect of the claimed evidentiary error, evaluating all of the surrounding circumstances, including the evidence of the defendant's guilt apart from the error, the importance of the erroneously admitted evidence to the prosecution's case, and whether the erroneously admitted evidence was merely cumulative. *See, e.g., Astorga*, 2015-NMSC-007, ¶ 52. In this case, contrary to Defendant's assertion, the lab analyst's testimony was not "the . . . only evidence establishing that the residue on the pipe was a controlled substance." The presence of the substance in an item of paraphernalia specifically identified as a methamphetamine pipe supplied circumstantial evidence of its identity. *See Godoy*, 2012-NMCA-084, ¶ 14 (observing that circumstantial evidence may be relied upon to establish the identity of a controlled substance, including the appearance and packaging of the substance, and the manner of its use). Moreover, two separate field

tests yielded positive results for the presence of methamphetamine. Under the circumstances, we reject the assertion of plain error. *See id.* ¶¶ 14-15 (rejecting a claim of plain error under similar circumstances).

**B.     Lesser Included Offense Instruction**

{11}     Defendant contends that the district court erred in refusing his request for lesser-included offense instructions as to possession of drug paraphernalia.

{12}     The State takes the position that Defendant did not preserve this issue, contending that Defendant's failure to cite specific case law in support of the request should be regarded as a fatal deficiency. However, defense counsel clearly and explicitly requested an instruction on possession of drug paraphernalia as a lesser-included offense, and Defendant submitted appropriate jury instructions to the district court. Although he did not cite specific case law, defense counsel made the nature and basis of the request clear. This is sufficient to preserve the argument for consideration on appeal. *See State v. Jernigan* 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537 (observing that a trial court's refusal to instruct the jury on a lesser-included offense is generally preserved for appellate review by tendering a legally correct instruction); *State v. Hill*, 2001-NMCA-094, ¶ 7, 131 N.M. 195, 34 P.3d 139 (holding that an issue is adequately preserved if the district court is generally aware of the issue and the record reflects that the court clearly understood the type of instruction requested); *and*

6

*see also State v. Gomez*, 1997-NMSC-006, ¶ 30, 122 N.M. 777, 932 P.2d 1 (determining that a party's failure to cite specific cases in support of a legal principle is not fatal "so long as the party has asserted the principle recognized in the cases and has developed the facts adequately to give the opposing party an opportunity to respond and to give the court an opportunity to rule").

{13} Both below and on appeal the State has argued that insofar as the offense of possession of a controlled substance does not contain all of the elements of the offense of possession of drug paraphernalia, the latter does not constitute a lesser-included offense. However, this does not end the inquiry. Under the circumstances presented in this case, application of the fact-dependent cognate analysis is appropriate. *See State v. Darkis*, 2000-NMCA-085, ¶ 13, 129 N.M. 547, 10 P.3d 871. "This method avoids what we view as the overly technical inflexibility of the strict elements approach[.]" *State v. Meadors*, 1995-NMSC-073, ¶¶ 6, 12, 121 N.M. 38, 908 P.2d 731.

{14} Under the cognate approach, a party is entitled to an instruction on a lesser-included offense, even if the strict elements test is not met, when: (1) the defendant could not have committed the greater offense without also committing the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are

sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser. *Id.* ¶ 12.

{15} In this case, the State contends that Defendant could have committed the greater offense without also committing the lesser offense. Specifically, it argues that the jury could have concluded that Defendant knowingly possessed the residue (a controlled substance) without having used or intended to use the pipe as required to support a conviction for possession of paraphernalia. *See* NMSA 1978, Section 30-31-25.1(A)(2001).We are unpersuaded.

{16} In this context, we consider the theory of the State's case and the evidence arrayed at trial. *Darkis*, 2000-NMCA-085, ¶¶ 15-17. At trial, the State's theory and evidence were, simply, that Defendant was found in possession of a pipe, which contained methamphetamine residue. "But for the [pipe], the State put forth no evidence or argument linking [the d]efendant to any drug." *Id.* ¶ 18 Under such circumstances, the first prong of the analysis is satisfied. *Id.* (arriving at the same conclusion under similar circumstances).

{17} We understand the State to suggest that the absence of direct evidence of Defendant's intent, relative to the use of the pipe, distinguishes this case from *Darkis*. However, no direct evidence appears to have been presented on this subject in *Darkis*, either. Although the defendant admitted simple possession of the pipes in that case,

8

he did not testify about his specific intent relative thereto. *Id.* ¶ 4. We therefore remain unpersuaded that Defendant's failure to testify about his intent with respect to the pipe warrants a departure from *Darkis*.

**{18}** Turning to the second prong of the analysis, as previously described, the State presented evidence that Defendant was found with drug paraphernalia in his possession. This was sufficient to sustain a conviction for the lesser offense. *Id.* ¶ 19.

**{19}** Third and finally, we consider whether "the elements that distinguish the lesser and greater offenses are sufficiently in dispute . . . that a jury rationally could acquit on the greater offense and convict on the lesser." *Meadors*, 1995-NMSC-073, ¶ 12. We understand the State to contend that insofar as Defendant failed to testify, none of the elements of the greater offense were sufficiently in dispute to satisfy this requirement. We disagree.

**{20}** "In a criminal prosecution the State has the burden of proving each element of the offense charged beyond a reasonable doubt." *State v. Chouinard*, 1981-NMSC-096, ¶ 8, 96 N.M. 658, 634 P.2d 680. Accordingly, paucity of evidence may properly be said to give rise to a material dispute as to any essential element. As discussed in the preceding portion of this opinion, the defense was ultimately permitted to attack the sufficiency of the evidence to establish Defendant's possession of a controlled substance, by challenging the reliability of the test results generated by

9

the unaccredited crime laboratory. We further note that in this case, the State presented no direct evidence that Defendant *knowingly* possessed a controlled substance. While Defendant's possession of the pipe was capable of supporting a rational inference of the requisite knowledge, *see State v. Wood*, 1994-NMCA-060, ¶¶ 13-14, 117 N.M. 682, 875 P.2d 1113 (holding that possession of drug paraphernalia is sufficient to give rise to a reasonable inference of knowing possession of controlled substances contained therein), a rational jury could have concluded that this circumstantial evidence was insufficiently compelling to satisfy the State's burden of proving Defendant's knowing possession of methamphetamine beyond a reasonable doubt. *See, e.g., State v. Reed*, 1998-NMSC-030, ¶¶ 7-9, 16-18, 125 N.M. 552, 964 P.2d 113 (holding that a defendant's possession of a wrapper containing trace amounts of cocaine, without any further circumstantial evidence of knowledge, constituted insufficient evidence to support a conviction for possession of a controlled substance); *State v. Maes*, 2007-NMCA-089, ¶¶ 5, 10, 17, 19, 142 N.M. 276, 164 P.3d 975 (holding that the presence of a tiny amount of methamphetamine residue in bottle caps and a plastic bag was insufficient to support an inference of knowledge in a case involving constructive possession). We therefore conclude that the elements of the greater offense were sufficiently in dispute that a rational jury could have acquitted on the greater offense and convicted on the lesser.

{21} In summary, all three prongs of the cognate analysis are satisfied. Accordingly, Defendant was entitled to the requested lesser-included offense instruction. We must therefore reverse and remand for a new trial. *See Darkis*, 2000-NMCA-085, ¶ 12 (affording this remedy).

## III. CONCLUSION

{22} For the reasons stated, we reject Defendant's challenge to the admission of the test results generated by the unaccredited crime laboratory. However, we conclude that Defendant's request for lesser-included offense instructions was improperly denied. We therefore reverse and remand for a new trial.

{23} **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**