## GAIER & STROH MILLINERY CO. v. HILLIKER *et al.*

No. 5293.   Opinion Filed October 12, 1915.

Rehearing Denied November 2, 1915.

(152 Pac. 410.)

**LIMITATION OF ACTIONS—Nature—What Law Governs.** Statutes of limitations are generally considered as municipal regulations founded on local policy, which have no coercive authority abroad, and with which foreign jurisdictions have no concern, and hence the general rule is that in respect to the limitation of actions the law of the forum governs.

(Syllabus by Bleakmore, C.)

*Error from County Court, Rogers County;*
*Walter W. Shaw, Judge.*

Action by the Gaier & Stroh Millinery Company against Miss Nell Hilliker and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. H. Bassmann,* for plaintiff in error.

Opinion by BLEAKMORE, C.   This is an action commenced in the county court of Rogers county on the 3d day of December, 1912, by the plaintiff in error against the defendants in error, to recover upon the following promissory note:

"$350.00. ·                    ST. LOUIS, MO., Aug. 1, 1903.

"On or before sixty days after date I promise to pay to the order of Gaier & Stroh Milly Co. three hundred fifty 00/100 dollars, at St. Louis, Mo. Value received with interest at the rate of six per cent. per annum."

—upon which were certain credits, evidenced by payments, the last of which was made March 8, 1907. Mrs. M. Haas, Jr., the only defendant served with summons, by answer pleaded that the cause of action was barred by the statute

of limitations. Upon trial to the court plaintiff offered said note in evidence, and, having pleaded, proved that by the statutes of Missouri action thereon might be commenced at any time within ten years after maturity of said note. The court found the cause of action was barred by the state law, and rendered judgment for defendants.

Plaintiff contends that, the note being payable in Missouri, the laws of that state prescribing the period within which action thereon may be commenced govern as to the time within which such action may be brought in this state. There is no merit in this contention. Defendant was a resident of this state, where the action was commenced. The rule applicable is announced in 25 Cyc. 1018, as follows:

"Statutes of limitation are generally considered as municipal regulations founded on local policy, which have no coercive authority abroad, and with which foreign jurisdictions have no concern, and hence the general rule is that in respect to the limitation of actions the law of the forum governs.

"As a general rule, since statutes of limitation affect the remedy only, an action on a contract is governed by the *lex fori*, that is, by the statutes of the state or country in which the action is brought and not by the *lex loci contractus* or the *lex domicilii*."

While in certain cases enumerated by our statute the laws of other states may restrict the period of limitation, in no event could they enlarge such period.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.