## MARRS et al. v. RICHARDSON.

No. 27960.   Feb. 7, 1939.

Chas. A. Holden, Fred Speakman, and Edwin A. Ellinghausen, for plaintiffs in error.

Glen O. Young, for defendant in error.

CORN, J. This is an appeal from a judgment in favor of John Richardson, defendant in error herein, and against Frank

Marrs, and Marvin Marrs, doing business as Marrs Oil Company, H. M. Marrs, Henry L. Plummer, D. Orlando, Helen Haggerty, Margaret Delehanty, Frank Ulleglis, Wilford Smith, George L. Slack, Henry Keenan, and C. L. McMahon, Inc., a corporation, in an action for damages for personal injuries in which the plaintiff recovered a verdict and judgment in the sum of $4,000. The parties will be referred to herein as they appeared in the trial court.

The plaintiff alleges that the defendants were associated together in the oil business and were operating a leasehold in Creek county upon which the plaintiff was working in their employ at the time of his injury. That he was working in a hazardous employment and was not covered by liability insurance as required by the Workmen's Compensation Act; and further alleges that his injuries resulted from the negligence of the defendants in their failure to provide a safe place in which to work and safe tools with which to work, setting out in detail the unsafe condition of the machinery and how the accident occurred.

The various defendants answered, making specific denial of allegations of plaintiff's petition, and pleading, as a further defense, contributory negligence. Separate answers were filed by Frank Marrs and Marvin Marrs, doing business as Marrs Oil Company, and C. L. McMahon, Inc., the last-named defendant filing a separate petition in error and separate briefs.

Under section 13352, O. S. 1931, the defense of contributory negligence is not available, the same having been waived by the defendants by their failure to comply with the Workmen's Compensation Act, said section providing as follows:

"The liability prescribed in the last preceding section shall be exclusive, except that if an employer has failed to secure the payment of compensation for his injured employee, as provided in this act, then an injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such an action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee; provided, that this section shall not be construed to relieve the employer from any other penalty provided for in this act for failure to secure the payment of compensation provided for in this act.

The defendants first contend that the plaintiff failed to prove actionable negligence, and that the motion of defendants for directed verdict should have been sustained.

Under this proposition the defendants cite and rely upon a number of cases involving the defenses of assumption of risk and of contributory negligence, which clearly are not applicable in this case where these defenses are eliminated by statute. The sole question, then, is whether the proof is sufficient to establish negligence on the part of the defendants by reason of the alleged defectiveness of the machinery which the plaintiff was using at the time of the accidental injury. The evidence shows that the pulling machine, which the plaintiff was operating, was a second-hand machine when purchased by the defendants for use on said lease, and that it was in such condition at the time of its purchase by the defendants that it had to be overhauled before it could be used, and that at the time the accident occurred the break control lever which the plaintiff was using and by which he was injured was in a very bad state of repair, and that the defendants, or at least those in active charge of the operations, had knowledge of its defective and unsafe condition.

The defendant C. L. McMahon, Inc., contends that the evidence is insufficient to support the judgment as against it separately for the sole reason that there is not sufficient evidence to show a mining partnership with C. L. McMahon, Inc., as a member. The defendants were not sued as a mining partnership, but as joint principals who had employed the plaintiff, and no issue was raised by the pleadings or record prior to the rendition of judgment in regard to this matter. Therefore, the case not having been tried on this theory, the defendant McMahon is precluded from raising the issue on appeal.

As to the question of negligence in the matter of providing safe tools, machinery, and appliances with which to work, this court, in the case of Beasley v. Bond, 173 Okla. 355, 48 P.2d 299, said:

"It is the positive duty of the master to use reasonable care in providing safe tools, machinery, and appliances with which to work. Ruemmeli-Braun v. Cahill, 14 Okla. 422, 79 P. 260; Neeley v. Southwestern Cotton Seed Oil Co., 13 Okla. 356, 75 P. 537, 64 L. R. A. 145. And the question as to whether a negligent act involving breach of duty on the part of the master to his servant is the proximate cause of the servant's injury is one of fact for the jury, if there is evidence reasonably tending to prove the same." Cushing Gasoline Co. v. Hutchins, 93 Okla. 13, 219 P. 408.

It is a well-settled rule that where there

344

is any competent evidence reasonably tending to support the verdict of a jury, such verdict will not be disturbed on appeal.

The defendants further contend that the court erred in refusing to give two requested instructions submitted by defendants.

We find that one of these requested instructions was given in substance in the court's instructions, but as to the other, the defendants were not entitled to have it given. The record shows that the defendants paid the plaintiff's medical expenses and several months' wages following his injury and offered an additional sum in full settlement of the claim, and the defendants requested the court to instruct the jury that this should not be considered as an admission of negligence on the part of the defendants from which the injury resulted. It is observed that the defendants voluntarily offered this evidence, and this being true, they were not in a position to ask the court for a special instruction telling the jury not to consider it. The jury was properly instructed as to what constitutes actionable negligence, and was properly instructed on all issues and questions of law involved in the case.

Having considered all contentions of the defendants and finding no substantial errors in the record, the judgment of the trial court is affirmed.

All the Justices concur.