RICHARDSON v. MARRS et al.

No. 29536. Jan. 14, 1941.

Rehearing Denied Feb. 25, 1941.

*110 P. 2d 606.*

Glenn O. Young and A. L. O'Bannon, both of Sapulpa, for plaintiff in error.

Edwin A. Ellinghausen, of Sapulpa, for defendants in error.

CORN, V. C. J. This is an appeal from an order and judgment of the trial court recalling an execution that had been issued and placed in the hands of the sheriff, commanding him to levy upon property of C. L. McMahan, Inc. The purpose of said proceeding was to satisfy a balance due on a judgment in favor of John Richardson and against Frank Marrs et al., including the said C. L. McMahan, Inc., and a number of individual defendants.

The plaintiff recovered a verdict and judgment against said defendants in an action for damages for personal injuries in the sum of $4,000. The defendants appealed from the judgment to this court in Marrs et al. v. Richardson, 184 Okla. 342, 87 P. 2d 131, but the same was affirmed on February 7, 1939, and the mandate of this court was spread of record in the court below on March 7, 1939. Immediately after the affirmance of the judgment, but before the time had expired to file a petition for rehearing, certain of the defendants contacted the plaintiff and the plaintiff agreed to a settlement of his interest in the judgment for $1,500, his attorney having a lien for 50 per cent. of the amount of the judgment. These parties together with the plaintiff met at the office of Glenn O. Young, attorney for

plaintiff, to complete the settlement. Mr. Young advised the plaintiff and the defendants who were at the meeting that he did not care to compromise his attorney's fee and demanded payment of his full and entire interest in the judgment, which was then and there computed and agreed upon as $2,245, the total amount of the judgment and accrued interest being $4,490. Thus the total amount agreed upon by the parties in settlement of the judgment was $3,745 plus the court costs which were to be paid by the defendants. McMahan was not present at this meeting, but his attorney, Edwin A. Ellinghausen, participated in the negotiations, and authorized the drawing of a draft upon McMahan for his contribution to the settlement, which, according to his interest in the joint adventure with the other defendants, was one-fourth, or $936.25.

At that time the plaintiff was paid $1,500, the full amount he was to receive, and Mr. Young was paid $1,308, these two amounts being $2,808 and being the three-fourths contribution by the other defendants. A release of the judgment was executed by the plaintiff, but was delivered to Mr. Young to become effective and to be filed when the McMahan draft for $936.25 was paid. McMahan, for some reason, did not pay the draft. Thereafter execution was issued for $1,751.25, which represented the balance due on the judgment without taking into account the compromise settlement with Richardson. And here is where the controversy arose.

McMahan filed his proceeding to recall the execution and tendered and paid into court $936.25, his one-fourth of the $3,745 compromise settlement. Upon hearing of the motion to recall the execution, the trial court held that the tender and payment into court of the sum of $936.25 by McMahan satisfied the balance of the judgment.

The testimony of the plaintiff, John Richardson, upon which the trial court based its judgment, is as follows:

"By the Court: Q. Were you to get any part of the money out of that draft? A. Well, I am supposed to get the $1,500. Q. Was it your intention and purpose at the time you got the $1,500 to sell out your interest in that judgment in full? A. Yes, sir. Q. And do you claim anything now? A. No, sir."

The trial court required McMahan to pay into court the amount required to satisfy Mr. Young's part of the judgment in full, including interest. Richardson's testimony precluded him from further recovery, and the trial court having so required said defendant to pay into court a sufficient amount to satisfy Young's judgment in full, there is no basis for this appeal, and the judgment of the trial court is affirmed.

WELCH, C. J., and BAYLESS, GIBSON, and DAVISON, JJ., concur.