HOUSE OF NORVELLE, a Corporation,
Plaintiff in Error,

v.

QUEEN INSURANCE COMPANY OF
AMERICA, a Corporation,
Defendant in Error.

No. 39167.

Supreme Court of Oklahoma.

Oct. 24, 1961.

John C. Moran, Oklahoma City, for plaintiff in error.

Hanson & Peterson, Oklahoma City, for defendant in error.

BLACKBIRD, Vice Chief Justice.

For the purpose of commencing this action, plaintiff in error filed its petition, as plaintiff, in August, 1959, based upon a policy of insurance called a "Jewelers' Block Policy", issued to it in March, 1954, by defendant in error, hereinafter referred to as defendant. In material substance, the petition alleged a loss of diamonds in October, 1954, in the amount of $3,946.68, and that said loss was covered by and defendant was obligated to pay it under, the terms of said policy. To said petition was attached a photostatic copy of the policy, which contained, among others, the following provision: ·

"No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within· twelve (12) months· next after discovery by the assured of the occurrence which gives rise to the claim. Provided, however, that if by the laws of the state within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state to be fixed herein."

A part of defendant's pleading to plaintiff's said petition was a demurrer alleging as its first ground that the petition failed to state a cause of action, and, as its second ground, that the petition showed on its face that plaintiff's cause of action was barred by "the statutes of limitation."

After a hearing on said demurrer, the court took the matter under advisement, and after the parties had filed briefs, entered judgment in April, 1960, rejecting the first ground of said demurrer, but sustaining said pleading on its second ground, and dismissing the action.

Plaintiff's argument for reversal as we understand it, may be summarized as follows:

▇ That prior to the effective date in July, 1957, of the Insurance Code enacted by the Twenty-Sixth Session of the Oklahoma Legislature (Title 36 O.S.1957 Supp.), when the subject loss occurred and his cause of action under the policy accrued, or came into being, there was no special statute prescribing a particular limitation period for the commencement of actions on policies like the present one, therefore the 5-year period prescribed generally for written contracts by Tit. 12 O.S.1951 § 95 ("First") controlled, and the above-quoted provision of the policy—being merely contractual— was void, as it constituted a purported restriction, under Tit. 15 O.S.1951 § 216, upon the enforcement of its said statutory "right" to wait up to 5 years after the loss for commencing its action. Plaintiff represents that the subject policy is "property" insurance within the meaning of that term, as used in sec. 3617 of the Insurance Code, supra, and that said section allows parties— in contracting for such insurance—to effectively agree that actions for claimed

losses, under them, will be barred by expiration of as short a limitation period as one year after the occurrence of such losses; and plaintiff "agrees" that if the loss in question had occurred *after* the July 1, 1957, effective date of the Insurance Code, an action to recover it under the policy would have been subject to said Code's one-year limitation period. Plaintiff contends, however, that the change from 5 years to one year effected by enactment of said Code's sec. 3617, supra, does not apply to causes of action for losses under policies like the one here involved that had already accrued before the Code's effective date, especially in view of said Code's sec. 114 (Tit. 36 O.S.1957 Supp. § 114) which reads as follows:

"Repeal by this Act of any law shall not affect or abate any *right* heretofore accrued, action or proceeding heretofore commenced, or any unlawful act heretofore committed under such laws and punishment or deprivation of license or authority as a consequence thereof as provided by such laws, but all *proceedings hereafter taken with respect thereto* shall conform to the applicable provisions of this code insofar as possible. All such laws shall be deemed to continue in force to the extent made necessary by this provision." (Emphasis ours.)

Plaintiff says the quoted statute, by its specific wording, continues the aforementioned general 5-year limitation period in effect for such previously-accrued causes of action as his. We do not agree. We think the specific wording of the statute, as correctly construed, does just the opposite. This court's holding in Anderson v. Kennedy, Okl., 152 P. 123, referred to in Clark v. Keith, 103 Okl. 20, 229 P. 613, cited by plaintiff, reflects the rule in this jurisdiction that "* * * statutes of limitation are matters of procedure and not of substantive right * * *"; and, assuming, without deciding, it to be the general rule that in the absence of specific statute to the contrary, "* * * the limitation prescribed in the statute in force when the cause of action arose, controls * * *", we think the plain wording of sec. 114, supra, makes it clear that such a rule was not to apply under that statute. We think the word "right" we have underscored in said section refers to *substantive* right, as distinguished from procedural matters, and that said section's provision that "* * * all *proceedings* hereafter taken with respect thereto shall conform to the applicable provisions of this code insofar as possible" makes plain a legislative intent that actions or "proceedings" to enforce a substantive right accruing before the enactment were to "conform to the applicable provisions" of the Code. In this connection, see the discussion in Anderson v. Kennedy, supra. Since plaintiff has agreed that the 1-year limitation period authorized in said Code's sec. 3617, supra, is "applicable" to this action, insofar as its type or character is concerned, we must hold that sec. 114, supra, renders it applicable, despite the fact that the "right" plaintiff seeks to enforce accrued before July 1, 1957. Under the rule this court has followed in such matters (State ex rel. Oklahoma Employment Security Comm. v. Eddie, 195 Okl. 26, 154 P.2d 763; In re Mosher, 24 Okl. 61, 102 P. 705, 706, 24 L.R.A.,N.S., 530), said one-year limitation began to run on that date, with the result that the action was barred one year later, or on July 1, 1958. Since, as herein shown, plaintiff did not file its petition until after expiration of that one year, the trial court committed no error in sustaining defendant's demurrer on the second ground alleged therein. Having so concluded, it is unnecessary to mention or discuss other arguments presented.

Affirmed.

HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., dissents.