**The PHOENIX INSURANCE COMPANY,**
**A Corporation, Plaintiff in Error,**

v.

**JADE OIL AND GAS COMPANY, Inc.,**
**A Corporation, Defendant in Error.**

No. 39406.

Supreme Court of Oklahoma.

Jan. 16, 1962.

As Corrected April 10, 1962.

Rehearing Denied April 10, 1962.

Clarence P. Green, Oklahoma City, for plaintiff in error.

John T. Gibson, and Pinkerton & Pinkerton, Tulsa, for defendant in error.

BLACKBIRD, Vice Chief Justice.

This action was commenced during the latter part of August, 1958, by defendant in error, hereinafter referred to as plaintiff, to recover alleged damages in the sum of $5389.09, to a compressor station and pipe line, belonging to it in Illinois, and allegedly caused from one of said station's compressors operating without oil, after the oil was removed (or stolen) from the compressor gear box on or about July 14, 1957 (unbeknown to plaintiff on that date, but discovered by it the next day, July 15th, 1957) by someone whose identity was apparently unknown. From some of the allegations of plaintiff's petition, it appears that the amount of the recovery sought represents the cost of replacing the compressor's "frame." The defendant insurance company's alleged liability was asserted in two separate causes of action. One alleged cause of action was predicated on the theory that the amount sued for was covered by an insurance policy it had issued plaintiff on February 13, 1957, a copy of which was attached to plaintiff's petition, insuring it against loss or damage to said property due, among other things, to "theft, vandalism and malicious mischief."

In its second cause of action, plaintiff sought recovery of the same sum against the insurance company and its alleged agent, the defendant Sisk, on the theory that said defendant company, through Sisk, had assured plaintiff it would pay for repairing the damage to the involved property, before plaintiff caused the repairing to be performed.

To plaintiff's petition, the defendant insurance company filed a combination "Motion To Make More Definite and Certain" and "Demurrer". The "Demurrer"-part of the pleading consisted of a general de-

murrer to plaintiff's "entire" petition, and special demurrers to each of its two alleged causes of action. In its ruling on this pleading, the trial court specifically found that neither the "Statute of Limitations", nor the "contractual" limitation of actions contained in the insurance policy involved, had expired at the time the action was filed, and overruled the defendant company's general demurrer and both of its special ones.

After the issues of the case were completely joined, and it came to trial before a jury, the defendant's motion for judgment on the pleadings, its objection to the introduction of any evidence, and its demurrer to plaintiff's evidence were all overruled. At the close of the trial, the court overruled the defendant company's motion for a directed verdict, but sustained, as to the defendant Sisk, such a motion interposed on his behalf. After the cause was submitted for determination of the insurance company's liability, the jury returned a verdict for plaintiff in the sum of $5389.09, with interest, less certain immaterial deductions; and judgment was entered accordingly.

The only question dealt with in the parties' briefs on the merits, pertains to whether or not the action was barred because not commenced within the one-year period after discovery of the claim, on which it was based. It is conceded that the objection, and motions, ruled upon as above mentioned, were sufficient to preserve this question for review here.

In its supplemental brief, defendant calls our attention to the fact that the policy provision in question is identical to the one quoted in our recent opinion in the House of Norvelle v. Queen Insurance Company of America, Okl., 365 P.2d 977; and it maintains that said opinion is decisive here.

Assuming, without deciding, that the described contention is correct as to plaintiff's first alleged cause of action that the trial judge erred in overruling its general demurrer, or its special demurrer to plaintiff's second alleged cause of action, or that said cause should not have been submitted to the jury, or that a judgment for plaintiff could not, on sufficient grounds, and without prejudice to defendant, have been rendered thereon. If plaintiff's petition, and the evidence, were sufficient as to that cause, they were sufficient to withstand those challenges directed at them. Regier v. Hutchins, Okl., 298 P.2d 777; Runyan v. City of Henryetta, Okl., 347 P.2d 1014. The so-called "Case-made", filed herein, contains no transcript of the evidence, nor any of the trial proceedings, except a copy of the verdict and the journal entry of judgment. Neither of the latter furnish any clue as to the theory, or basis, of the verdict and judgment; and no claim is made that the jury could not—without being influenced, or confused, by the court's rulings relating to plaintiff's first cause of action, have justifiably awarded plaintiff the full recovery on its second cause of action. In view of these considerations, defendant's argument falls short of demonstrating valid cause for reversal. Therefore, in accord with the presumptions of correctness that accompany judgments of the lower courts on appeal to this court, the judgment of the trial court is hereby affirmed.

DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, C. J., and WELCH and BERRY, JJ., concur in result.