**Adolph WEISS, Respondent,**

**v.**

**The SALVATION ARMY and/or National Retired Teachers Association, Petitioners,**

**and**

**State Insurance Fund and/or Atlantic Mutual Insurance Company, Insurance Carriers.**

**No. 48559.**

Supreme Court of Oklahoma.

Oct. 12, 1976.

Rehearing Denied Nov. 23, 1976.

---

William W. Wiles, Jr., Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for petitioners.

J. Clark Russell, Russell & Payne, Oklahoma City, for respondent.

LAVENDER, Justice:

Petitioners, hereafter respondents, have brought this proceeding to vacate an order awarding compensation, modified and affirmed on en banc appeal, and to dismiss the claim. No jurisdictional or evidentiary issues concerning employment, accidental injury, or cause and extent of disability are involved.

Claimant was engaged in non-hazardous employment operated by respondent. This organization carried Workmen's Compensation coverage, however, and claimant's salary was included in calculation of premium base. No signs on the premises advised employees of compensation coverage, or procedures to be followed in case of accident, and claimant had not been told workers were under Workmen's Compensation Act.

On August 3, 1973, claimant sustained injuries arising out of covered employment when involved in an automobile accident. Claimant refused medical treatment at the scene, but later was examined by his personal physician and referred to an orthopedic specialist for treatment. No medical treatment was offered by respondent. Although bothered by injuries which still required medical attention, because aggravating a pre-existing hip condition, claimant continued employment until terminating in August, 1974 for physical disability.

Following the accident, claimant filed suit against a third party tort-feasor. This action culminated in agreed settlement ($1,400.00), the case being dismissed, and the third party released. The attorney who represented claimant in the third par-

ty action thereafter discussed possibility of a compensation claim against respondent. The release and dismissal of the third party action was filed in district court, and claim for compensation was filed June 13, 1974.

Admittedly, there was no compliance with requirements of 85 O.S.1971, § 44(a) relating to notice of election to pursue a remedy against a third party. Neither was written approval of the compromise settlement given by State Industrial Court, or respondents.

The trial judge found respondents estopped to deny liability for injury in non-hazardous employment, 85 O.S.1971, §§ 65.-2, 65.3, and no prejudice had resulted from failure to file claim within statutory time. This order also found:

> "That the Claimant, having no knowledge that the Respondent carried a policy of Workmen's Compensation Insurance covering Claimant or that his accidental injury fell within the purview of the Workmen's Compensation Act, compromised and fully settled with the third party, without the approval or consent of this Court, his common law action for the amount of $1,400.00. Under these facts and circumstances, Claimant did not have knowledge sufficient to make an election under 85 O.S., Section 44, which would deny him benefits under the Oklahoma Workmen's Compensation Act. Subsequent to this settlement, Claimant discovered his accidental personal injury to be covered under the Oklahoma Workmen's Compensation Act and filed this claim and tendered to the Respondent and Insurance Carrier that portion of the third party settlement which represents medical treatment and permanent disability."

On en banc appeal State Industrial Court modified and affirmed the trial judge's order in the following manner:

> "That respondent and insurance carrier shall be given credit against the award entered herein on March 19, 1975,

said credit being in the amount of $1,400.00 which claimant has previously received from a third party; that the credit of $1,400.00 shall be deducted from the latter end of the award entered on March 19, 1975; that the order of March 19, 1975, as modified, is adopted and affirmed and made the order of this Court."

Although since amended, 85 O.S.Supp. 1975, § 44, the applicable statute (85 O.S. 1971, § 44) provides, in pertinent part:

"If a workman entitled to compensation under this Act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this Act, elect whether to take compensation under this Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this Act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

The issue evolves from this statute, and State Industrial Court Rule 21, both effective when factual circumstances creating this claim arose. Respondents contend because claimant pursued and compromised the third party action without approval, either by State Industrial Court or respondents, the right to claim compensation is barred, absent waiver by respondents. Thus, since there was no evidence showing waiver of statutory requirements, the award must be vacated and the claim dismissed.

■ Argument advanced to support this conclusion is condensed hereafter for consideration. Despite use of "elect" in the statute, the term does not comport with recognized principles involved in the doctrine of "election of remedies." These principles have no application where concurrent or cumulative remedies exist, or where remedies which may be asserted against different parties are not inconsistent. *Sisler v. Jackson*, Okl., 460 P.2d 903 (1969). The statute, *supra*, does not require a claimant to "elect" between a third party action to exclusion of Compensation Act, or vice versa, when seeking a remedy. *Griffin Grocery Company v. Logan*, Okl., 309 P.2d 1074 (1957). Although a claimant is permitted to pursue both remedies, this may be accomplished only by proceeding in conformity with mandatory requirements delineated in the statute. *Bond Marble & Tile Office v. Rose*, Okl., 322 P.2d 1063 (1958) and decisions cited. There was no compliance with statutory requirements, and undisputed evidence discloses settlement of the third party action without respondents' knowledge or consent. Neither claimant's knowledge, nor lack of knowledge, alters the fact respondents were "irretrievably" damaged by settlement. Respondents are entitled to protection reserved by the statute, *supra*, which must control herein.

The asserted premise that "elect" as used in § 44(a) is not really an election is unsupportable under our decisions. Despite respondents' argument, decisional law consistently has recognized claimant, injured by third party negligence, has a choice to pursue one of two procedures as a means of seeking relief. Either of two procedures is available, but neither is exclusive of the other. This reasoning has been basis for our decisions under the statute since *Barton v. Oklahoma, K. & M. Ry.*

*Co.*, 96 Okl. 119, 220 P. 929 (1923). In *Barton* a similar contention was advanced, but not determined because unnecessary to disposition of the case which turned on a question of fact. The decision, however, disagreed with the claim that accepting compensation constituted election which barred the right to third party action.

Argument which asserts "irretrievable damage" resulted from claimant's failure to procure approval for compromise of the third party action, undoubtedly intends a synonymous categorization of irreparable damage. The latter term is understood to mean damages for injury which cannot be adequately compensated, or for which there is no certain pecuniary standard for measurement. *Dee Danzie iv. Rutland*, La. App., 232 So.2d 303; *Harris County v. So. Pac. Transp. Co.* (Tex.Civ.App.), 457 S. W.2d 336, 339.

This argument is answered by analysis of alternatives extended to the parties by the statute where a third party is involved. *First* an injured workman may elect to seek workmen's compensation. When this is done, the cause of action must be assigned to the employer-insurer liable for compensation. *Second,* a workman injured by one not in the same employ may proceed directly against the negligent third party. In this event the employer, or insurer, is liable only for deficiency between amount collected and compensation allowed under the Act. The statute clearly provides a definite pecuniary standard for measuring damages, both for physical injuries and extent of an employer-insurer's liability.

Respondent could not be required to contribute any amount other than the deficiency between amount collected by compromise settlement of the third party action and amount allowed as compensation under the Act. Since this amount is controlled by pecuniary standard fixed by § 44(a), we are of the opinion respondents' claim of irreparable damage resulting from unapproved compromise settlement is unpersuasive. As modified by State Industrial Court en banc, the order entered credited respondents with the amount collected under the unapproved compromise agreement. This placed responsibility upon respondents to the same extent as would have been the case had there been written approval. Here, this case is not one where evidence shows, or argument made, that the unapproved settlement between the negligent third party and the employee was not fair and too small so as to require payment of too large a deficit.

The trial court found claimant lacked knowledge respondents had secured compensation coverage, or that injury fell within purview of the Act. This finding was based upon evidence showing no information was imparted concerning coverage of claimant's employment, right to request medical treatment, or to receive temporary total compensation as a result of injury. No notice had been posted advising of coverage and, although claimant's supervisor knew of accidental injury during covered employment, nothing was done to advise claimant of his rights.

Decisions in *DeShazer v. National Biscuit Co.*, 196 Okl. 458, 165 P.2d 816 (1946) and *Bond Marble and Tile Office, supra,* typify case authority cited to support respondents' argument. Review of these, and other decisions, reveals recognition of a common factor—the duty enjoined upon a claimant by the statute, supra, may be waived by an employer. Each of these cases also determined entire lack of evidence to support finding the employer acquiesced in an unapproved settlement, or acted in a manner which waived the statutory requirements under circumstances of the particular case. We do not construe the statute, or decisions applying the statute, as applying unilaterally and relieving an employer of any duty to act.

██ Neither the cited cases, or others of similar import, are controlling in the present case. Whether respondents' conduct, under circumstances shown by the evidence, amounted to waiver of statutory requirement, for written approval of the

compromise settlement, was a matter for factual determination by State Industrial Court. Claims relating to asserted lack of evidence to support the trial court's finding, based upon respondents' evidentiary interpretation, at best present only a conflict in the evidence. On review of workmen's compensation cases the evidence is not reviewed to determine weight and quality thereof. The Supreme Court examines the record on review only to ascertain whether there is any evidence to support State Industrial Court findings of fact. *Dayton Tire & Rubber Company v. Vires*, Okl., 538 P.2d 194 (1975). Suggestions claimant had other sources of knowledge, or that evidence "indicates" matters contrary to the facts determined, provide no basis for disturbing the trial court's findings. We are of the opinion there is competent evidence to support trial court determination respondents waived requirement of the statute since claimant did not have sufficient knowledge to make an election affecting his rights under § 44(a).

Award sustained.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.