Bobby D. WILLIAMS, Appellant,

v.

OKLAHOMA NATIONAL STOCKYARDS COMPANY, a corporation, Appellee.

No. 50610.

Supreme Court of Oklahoma.

Feb. 21, 1978.

Rehearing Denied May 1, 1978.

McConnell & Prescott, Oklahoma City, for appellant.

Ronald L. Howland, Oklahoma City, for appellee.

DOOLIN, Justice:

Appellant, hereafter the plaintiff, appeals from a trial court order sustaining demurrer to his petition and dismissing his action for damages for personal injury. The issue for review arises from matters summarized.

Plaintiff filed claim for compensation October 28, 1974, alleging accidental injury on *May 9, 1974,* during covered employment with Oklahoma National Stock-

yards Company, defendant herein. On *July 23, 1976,* a trial judge entered an order denying this claim for lack of State Industrial Court jurisdiction, because not a hazardous employment within purview of the Act, 85 O.S.1971 § 1, et seq.

Plaintiff then filed this action September 22, 1976, seeking damages for personal injuries allegedly sustained by reason of enumerated acts of negligence on part of defendant. The petition specifically alleged the action properly was brought within the year allowed by 12 O.S.1971 § 100, after claim before State Industrial Court failed otherwise than upon the merits.

Defendants demurred on ground the action was barred by two year limitation prescribed by 12 O.S.1971 § 95(3). Demurrer was sustained and leave granted plaintiff to file amended petition. Upon hearing plaintiff elected to stand upon the petition, and the trial court dismissed the action.

The statute, § 100, provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

The issue is whether the restorative provision of this statute applies equally to claims before State Industrial Court, as in other civil actions. Plaintiff urges that implicit within the statute, there appears legislative intent any proceeding which fails "otherwise than upon the merits," i. e., jurisdictional failure, should not be barred by applicable statute of limitations. Further, plaintiff in good faith sought redress for injury by resort to State Industrial Court, and by statute, case law, and general common law principles, sustaining of defendant's demurrer under these circumstances was reversible error.

*Sartin v. Moran-Buckner Company,* 189 Okla. 178, 114 P.2d 938 (1939) relied on by

trial court and defendants held that a claim for compensation under workmen's compensation law was not an "action" as contemplated by § 100. Therefore dismissal of a claim did not extend the time in which an action for personal injury might be brought.

12 O.S.1971 § 4 defines action as "an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense".

*Sartin* was decided in 1939 under statutes wherein the adjudicatory body for workmen's compensation was a Commission. In 1959, the Legislature changed the title of the Commission to "Statute Industrial Court" and its status and powers to that of a court of law.

Although an action before the Industrial Court is still a special statutory proceeding,[1] there is no reason why that court should be singled out as exempt from § 100. Any other interpretation would deprive an injured workman of any redress even though he pursued his statutory remedy in good faith.[2]

*Sartin v. Moran-Buckner Company, supra,* is hereby overruled insofar as it is in conflict with this decision. We hold plaintiff's action was not barred by the statute of limitations in that it was brought within one year after dismissal of his claim before the Industrial Court as contemplated by 12 O.S.1971 § 100.

REVERSED AND REMANDED with instructions to reinstate plaintiff's cause of action.

All the Justices concur.

---

**1.** See *Cities Service Gas Company v. Witt,* 500 P.2d 288 (Okl.1972).

**2.** See *Elkins v. Derby,* 12 Cal.3d 410, 115 Cal. Rptr. 641, 525 P.2d 81 (Cal.1974) where California Court held a one year statute of limitations for tort actions was tolled for period during which plaintiff pursued his remedies under Workmen's Compensation.