**PRYSE MONUMENT COMPANY, an Oklahoma Corporation, Petitioner,**

**v.**

**The DISTRICT COURT OF KAY COUN-TY, State of Oklahoma, and the Honorable Lowell Doggett, District Judge of said Court, Respondents.**

No. 52821.

Supreme Court of Oklahoma.

May 22, 1979.

John J. Gardner, II, Northcutt, Northcutt, Raley, Clark, Gardner, Hron & Northcutt, Ponca City, for petitioner.

Kenneth E. Holmes, Brian T. Hermanson, Phipps, Johnson & Holmes, Ponca City, for respondents.

OPALA, Justice:

A worker, injured on the job May 23, 1975, proceeded in the State Industrial Court[1] for an award against his uninsured employer whose business was within the purview of the Workmen's Compensation Act.[2] The claim was held barred by one-year statute of limitations.[3] In this proceeding the employer seeks prohibition against the worker's prosecution of a subsequent district court suit, brought timely within two years[4], to recover damages in tort for the same injury.

One who sustains an on-the-job injury while employed in a business which remains impermissibly uninsured though it is governed by the Workmen's Compensation Act has been given *two distinct remedies* for vindication of his *single*, statutorily-conferred right to recover. One of these is by claim in the State Industrial Court and the other by district court action in tort based on negligence[5] (with some defenses being denied to the employer).[6] The two

---

1. Now Workers' Compensation Court, effective 7–1–78.

2. Now Workers' Compensation Law, effective 7–1–78.

3. 85 O.S.1971 § 43.

4. 12 O.S.1971 § 95(3).

5. 85 O.S.1971 § 12; *Ice v. Gardner*, 183 Okl. 496, 83 P.2d 378 (1938); *Eagle Creek Oil Co. v. Gregston*, 99 Okl. 181, 226 P. 339 (1924).

6. 85 O.S.1971 § 12; *Marrs v. Richardson*, 184 Okl. 342, 87 P.2d 131 (1939); *Ice v. Gardner*, supra note 5.

remedies available are separate, alternative, mutually exclusive and cognizable in different forums.[7] They are governed by distinctly varying theories and measures of recovery. These very characteristics combine to make the two remedies "coexisting but inconsistent" as distinguished from "concurrent and consistent".[8] The pursuit of one will preclude simultaneous prosecution of the other. Were suits pursuing both remedies pending at the same time, one of them, at claimant's election, would be abatable as vexatious.[9] The abatement's inchoate bar becomes absolute and conclusive when the remedy, once chosen has been pursued to a point of conclusion.[10] That point is reached at the first suit's termination whether by recovery or its denial. Waiver by election will preclude the claimant from vexing the employer with a second suit. Once a remedy is chosen and then pursued to conclusion, the point of no return is reached although there has been no satisfaction, much less vindication, of the right.[11] Three essential elements, all present here, must coincide to make preclusion through waiver by prior election of remedies applicable: (a) two or more remedies must be in existence (b) the available remedies must be inconsistent (c) choice of one remedy and its pursuit to conclusion must be made with knowledge of alternatives that are available.[12] The preclusion is effective even though the chosen action or suit failed because it had not been timely brought. In *Assessment Bond Service v.*

*W. R. Johnston & Company*, Okl., 296 P.2d 959, 964 (1956) we settled this principle in clear and unmistakable terms. Therein we said that

" 'Where a plaintiff has elected one of two remedies for the enforcement of a right, and such action is barred by the statute, *he is bound by his election and cannot thereafter resort to the other remedy for which a different limitation is provided.' "* (emphasis supplied)

Neither our holding in *Williams v. Okl. Nat. Stockyards Co.*, Okl., 577 P.2d 906 (1978) nor its conceptual underpinnings will afford any semblance of validity to the notion that the cited decision stands as authority for allowing a subsequent district court action in every case where the prior "compensation claim failed other than on the merits . . .". *Williams* dealt with a worker who was not in hazardous employment and *hence had only one remedy to choose.* We held he could institute his district court action within one year after the order which held there was no industrial jurisdiction over his claim. *Williams* is easily distinguishable from the present case. Although he had but *one* procedural course for vindication of his single right, he timely invoked the *unavailable remedy.* Because he was *timely* in the *wrong* court, he brought himself within the purview of 12 O.S.1971 § 100, which enlarges regular limitations by an additional year when an action fails "otherwise than on the merits".[13]

---

7.  *Haggard v. Calhoun*, Okl., 294 P.2d 836, 837 (1956); *McAlester Corp. v. Wheeler*, 205 Okl. 446, 239 P.2d 409, 411 (1951); *Dixie Cab Company v. Sanders*, Okl., 284 P.2d 421 (1955).

8.  *H. L. Hutton & Co. v. District Court of Kay County,* Okl., 398 P.2d 530, 533 (1965); *Haggard v. Calhoun*, supra note 7.

9.  A suit may be abated because another is pending where both are between the same parties and relief sought is for the same event or transaction. Vexatiousness follows from multiplicity of suits. *Oklahoma Press Pub. Co. v. Gulager*, 168 Okl. 245, 32 P.2d 723, 725 (1934); *Myers v. Garland*, 122 Okl. 157, 252 P. 1090, 1092 (1927). Where full relief may be obtained in both actions, one will be abated. *Phillips v. Barker*, Okl., 269 P.2d 337, 339 (1954).

10.  *H. L. Hutton & Co. v. District Court of Kay County,* supra note 8; *Haggard v. Calhoun*, supra note 7; see cases cited in note 7.

11.  *H. L. Hutton & Co. v. District Court of Kay County,* supra note 8.

12.  *Dudley v. King*, Okl., 285 P.2d 425, 427 (1955); *H. L. Hutton & Co. v. District Court of Kay County*, supra note 8.

13.  The terms of 12 O.S.1971 § 100 provide in pertinent part:
     "*If any action be commenced in due time,* and a judgment thereon for the plaintiff be reversed, *or if the plaintiff fail in such action otherwise than upon the merits . . .* " (emphasis added) a new action may be commenced within one year after failure of the initial one.

Here, the worker's claim was *not timely*, though the forum he initially chose was *right* and available. Moreover, he had an unimpaired choice of two remedies. In short, *Williams* is "wide of the mark".

■ Neither can the preclusion by prior election by avoided by invoking the familiar principle that a statute of limitations bars only the remedy and not the right itself. The right left here to the worker is termed at common law "a mere right"—an unenforceable claim that has been detached from remedy.[14] Until reunited with an available, viable remedy, "mere right" is not capable of vindication. It would take some affirmative act or waiver of the employer to resurrect the remedy lost to the worker here.[15]

■ The worker's district court action in negligent tort stands barred by waiver through prior conclusive election of another remedy. The result here, harsh though it may appear, tracks, with fidelity, the beaten path of long-established precedent. Fundamental fairness in litigation process cannot be afforded except within a framework of orderly procedure. *No* area of the law may lay claim to exemption from the range of its basic strictures—not even the

workers' compensation law. Chaos, caprice and ad hoc pronouncements would inevitably follow from any departure.

"* * * *It is procedure that spells much of the difference between rule by law and rule by whim or caprice.* Steadfast adherence to strict procedural safeguards is our main assurance that there will be equal justice under law. * * *" [Emphasis added] [16]

Let the writ issue prohibiting respondents from proceeding further in cause No. C–77–90PC on the docket of the District Court, Kay County.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES and HARGRAVE, JJ., concur.

HODGES, SIMMS and DOOLIN, JJ., dissent.

DOOLIN, Justice, dissenting:

The facts are succinctly stated by the majority.

We are to decide what effect an unappealed judgment, rendered in the Industrial Court, has on an injured employee's right to proceed under 85 O.S.1971 § 12.[1] The judg-

---

14. *Jus merum* is the original Latin term by which old English law referred to a "mere or bare right"—the *jus proprietatis*—which is without either possession or even the right of possession. 2 Bl.Comm. 197; Bract. fol. 23; *Stolfa v. Gaines,* 140 Okl. 292, 283 P. 563, 567 -570 (1930); Opala, Praescriptio Temporis and *its* Relation *to* Prescriptive *Easements in* the Anglo-American Law, 7, Tulsa L.J. 107–109 (1971).

Justice Jackson aptly described the Anglo-American concept of limitations in *Chase Securities Corporation v. Donaldson,* 325 U.S. 304, 313, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945) in these words:

"Statutes of limitations always have vexed the philosophical mind for it is difficult to fit *them into a completely logical and symmetrical* system of law. There has been controversy as to their effect. Some are of opinion that like the analogous civil law doctrine of prescription limitations statutes should be viewed as extinguishing the claim and destroying the right itself. Admittedly it is troublesome to sustain as a 'right' a claim that can find no remedy for its invasion. On the other hand, some common-law courts have regarded true statutes of limitation as doing no more than to cut off

resort to the courts for enforcement of a claim. We do not need to settle these arguments." [footnotes omitted]

15. Payment or provision of medical attention would be effective to toll limitations under 85 O.S.1971 § 43. *Smedley v. State Industrial Court,* Okl., 562 P.2d 847 (1977). Failure to assert the defense of election of remedies would be effective to reunite "mere right" with its district court remedy. *Miller v. Roberts,* 140 Okl. 271, 282 P. 1104, 1106 (1929).

16. *Joint Anti-Fascist Refugee Committee v. McGrath,* (Douglas, J., concurring) 341 U.S. 123, 179, 71 S.Ct. 624, 652, 95 L.Ed. 817 (1951).

1. 85 O.S.1971 § 12:

"The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person, EXCEPT that if an employer has failed to secure the payment of compensation for his injured employee, *as provided in this Act,* then an injured

ment rendered by the Industrial Court was grounded upon the statutory limit of one year contained in 85 O.S.1971 § 43.[2]

The majority decides an employee is bound by his election to proceed under § 43 of the Act and that the judgment of the Industrial Court is an "inchoate bar" to proceeding under § 12 of the Act. To me inchoate means an imperfect, partial or unfinished right or act exercised in this case by the employee which being partial or unfinished allows the injured workman to proceed under the alternative remedy provided.

Majority's reliance on *H. L. Hutton & Co. v. District Court of Kay County, 398 P.2d 530 (Okl.1965)* which is cited in support of an election theory is not supportive, for in *Hutton* there was a judicial determination the claimant was *not* an employee. Thus, reasoned the court, he could not as an employee pursue a common law action against his employer for the determination of his status or lack thereof was res judicata. A judicial estoppel was created by the court's judgment and was definitive in any subsequent action in any court. In the instant case there is no estoppel as to employee's status nor has there been a judgment on the merits of the employee's claim authorized by 85 O.S.1971 § 12.

The Industrial Court in the case at bar denied relief upon the procedural or narrow grounds of the one year statute of limita-

tions, 85 O.S.1971 § 43; it did not reach the merits or adjudicate same. This court has correctly held that this statute of limitations operates against the plaintiff's remedy and *not* upon his substantial rights.[3] There has been *no* determination of this workman's substantial rights by any court till this good hour.

Likewise, *Haggard v. Calhoun, 294 P.2d 836 (Okl.1956)* which is twice cited by the majority as being supportive is doubtful in its application. In *Haggard*, the injured workman brought an action in the Industrial Court for loss of an eye while engaged in a hazardous employment. For some reason the industrial case was "not prosecuted" and while it was pending, the employee brought an action ex contractu as a third party beneficiary against the employer and his insurers. Admittedly this court says that the employee cannot pursue an industrial claim when a contract action has been previously filed. Such procedure would allow "double indemnity" to such claimant. But the cited case does not deal with tort claims anticipated under Section 12 of the Act, and should have little persuasion. The instant case sounds in tort.

We have also held that the doctrine of election of remedies has no application where concurrent or cumulative remedies exist, such as here.[4]

More recently in *Williams v. Oklahoma National Stockyards, 577 P.2d 906, 907 (Okl.*

---

employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such an action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employer; provided, that this Section shall not be construed to relieve the employer from any other penalty provided for in this Act for failure to secure the payment of compensation provided for in this Act." (Emphasis supplied).

2. 85 O.S.1971 § 43:
   "The right to claim compensation under the Worker's Compensation Act shall be forever barred unless, within one (1) year after the injury or death a claim for compensation thereunder is filed . . . ."

3. *Clark v. Keith*, 103 Okl. 20, 229 P. 613 (1924); *Gaier & Stroh Millinery Co. v. Hilliker*, 52 Okl. 74, 152 P. 410 (1915) and *Munsingwear, Inc. v. Tullis*, 557 P.2d 899, 901 (Okl.1976).

   *Munsingwear* cites in support of the operation of the statute of limitations on the remedy only, the following cases: *Oklahoma Furniture Mfg. Co. v. Nolen*, 164 Okl. 213, 23 P.2d 381 (1933); *Pine v. Indus. Comm'n.*, 148 Okl. 200, 298 P. 276 (1931); *Atlas Coal Co. v. Corrigan*, 148 Okl. 36, 296 P. 963 (1931); *Skelly Oil Co. v. Harrell*, 187 Okl. 412, 103 P.2d 88 (1940) and *National Zinc Company v. Van Gunda*, 402 P.2d 264 (Okl.1965).

4. *Weiss v. Salvation Army*, 556 P.2d 598 (Okl. 1976). See also *Williams v. Oklahoma National Stockyards Co.*, 577 P.2d 906 (Okl.1978).

*1978)* we held where a plaintiff filed claim for compensation during covered employment and the Industrial Court entered an order denying the claim for failure to show plaintiff was engaged in hazardous employment, the injured workman's *tort* action was not barred by a statute of limitation. The industrial action failed otherwise than on its merits. The majority points out certain admitted distinctions in *Williams* which it finds as authority to deny the instant claim. I suggest they are invented. The bottom line and rule in *Williams* does not turn on the *timeliness* of a claim in the *right court* or *unavailable remedy*, but upon the failure to adjudicate on the merits.

If *Williams* is good law why is it more fatal to a claimant to file a late claim in the right court, than to proceed in the wrong court on a timely basis? In both cases the claimant makes a choice of forums and in both cases there is no adjudication on the merits; thus neither tort action is barred.

Also cited by the majority is the case of *Assessment Bond Service v. W. R. Johnston & Co., 296 P.2d 959 (Okl.1956).* This case dealt with the effect of an election made by the bond holders (lien holders) in a declaratory judgment action filed in the Federal Courts, where the bonds' validity was established. After the conclusion of the bond decision, the real property owners brought an action in the State District Court to remove the cloud (lien claim) of the bond owners. This court held the bond holders had a choice of remedies and having elected to pursue one were barred from pursuing the other.

I suggest the effect of elections, under the bond decision, made in matters affecting enforcement of special assessment liens, the rights and defenses thereto by the owners of real property and the statute of limitation to be applied in such cases should not be applied in tort matters and the Compensation Act.

The majority uses the analogy of prescription[5] in land titles, an invention or result of the relieving doctrines of equity (harshness of the common law), as a hammer to defeat a purely statutory right created under the Compensation Act. Our Act was passed to relieve and protect from harshness the "recognized rights" of the working man.[6] The analogy of the majority is a conceptual will-of-the-wisp as evasive as a quest for "the gay motes that people a sunbeam".

Lastly and perhaps most importantly, I believe the opinion flies in the face of decided and long standing case law of this state; that the Worker's Compensation Act is *remedial* in nature and should be given *liberal* construction.

Shorn of its rhetoric, the majority opinion saddles the procedures and claims of an injured workman with a harsh, oppressive and rigid blanket not heretofore permitted by the Act and the public weal, *Adams v. Iten Biscuit Co., 63 Okl. 52, 162 P. 938, 941 (1917).*

I dissent.

I am authorized to state that Justice SIMMS concurs in the views herein expressed.

---

**5.** See footnote No. 14 of the majority opinion. The majority relies upon Justice Jackson in *Chase Securities Corporation v. Donaldson,* 325 U.S. 304, 313, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, 1635 as authority that prescription time is comparable to limitations contained in legislative statutes. However at pages 314, 1142 and 1636 of the reported case of *Chase Securities Corporation v. Donaldson,* Justice Jackson points out:

"This Court, in *Campbell v. Holt,* [115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483] adopted as a working hypothesis, as a matter of constitutional law, the view that statutes of limitation go to matters of remedy, not to destruction of fundamental rights. The abstract logic of the distinction between substantive rights and remedial or procedural rights may not be clearcut, but it has been found a workable concept to point up the real and valid difference between rules in which stability is of prime importance and those in which flexibility is a more important value."

**6.** 85 O.S.1971 § 12, see footnote 1, supra.